## PEOPLE v. PEARSON

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

   The Court of Appeals does not consider objections raised for the first time on appeal, in the absence of manifest injustice.

2. CRIMINAL LAW—PLEA OF GUILTY—CONVICTION.

   A plea of guilty is itself a conviction and like a jury verdict it is conclusive.

3. HOMICIDE—MURDER—PREMEDITATION—INTOXICATION.

   Conviction of first-degree murder was proper where the evidence was that defendant had been drinking, that he put his rifle into his car, drove five or six miles to a tavern, walked in, shot and killed a man; witnesses, including a doctor, testified that defendant was alert and in possession of his faculties, able to walk, climbed stairs without falling, staggering or lurching; and the trial judge found that defendant understood the events surrounding the death of the victim and that the killing was wilful, deliberate and premeditated.

4. HOMICIDE—MURDER—OPEN CHARGE—DEGREE.

   Determination of the degree of murder is for the court where a defendant pleads guilty to an open charge of murder.

5. HOMICIDE—MURDER—OPEN CHARGE—DEGREE—PLEA OF GUILTY.

   After a plea of guilty to an open charge of murder has been accepted, the proceeding to determine the degree of murder is not a trial and, in such a proceeding, it is not error for the court to elicit information from the defendant.

### REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error §§ 545, 548, 549.
[2]  21 Am Jur 2d, Criminal Law § 495.
[3]  40 Am Jur 2d, Homicide §§ 295, 438, 439.
[4]  40 Am Jur 2d, Homicide §§ 470, 471, 479.
[5]  40 Am Jur 2d, Homicide § 471.

Appeal from Gogebic, Donald L. Munro, J. Submitted Division 3 May 1, 1970, at Marquette. (Docket No. 6,848.) Decided June 1, 1970.

Eric Emanuel Pearson was convicted of first-degree murder on his plea of guilty to an open charge of murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome C. Nadolney,* Prosecuting Attorney, for the people.

*Bernard E. Larson,* for defendant.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Defendant was charged with first-degree murder, MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). He pled guilty to an open charge of murder and the court took testimony to determine the degree of homicide. The facts indicate that defendant had been drinking, he put his rifle into his car, drove five or six miles to a tavern, walked in, shot and killed one Rudolph Maurin. The gun was taken from defendant by customers and during the scuffle, he was hit over the head with a whiskey bottle by one of the patrons. Defendant was apprehended at the scene. The trial judge concluded that defendant was guilty of murder in the first degree and sentenced him to life imprisonment.

On appeal, defendant presents three issues: (1) Was defendant so under the influence of liquor at the time of the commission of the crime that he did not have the mental capacity necessary for a convic-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tion of first-degree murder? (2) Do the facts warrant a conviction of first-degree murder? and (3) Did the trial court exceed its authority at the degree hearing by eliciting facts rather than have the prosecuting attorney do so?

A complete review of the transcript of the plea examination discloses that the court committed no error in accepting the guilty plea. Defense counsel was present. There were no objections to the acceptance of the plea, nor was the question of intoxication interposed. In the absence of manifest injustice, we do not consider objections raised for the first time on appeal. *People v. Willis* (1965), 1 Mich App 428; *People v. Bradford* (1968), 10 Mich App 696. A plea of guilty is itself a conviction. Like a jury verdict it is conclusive. *People v. Collins* (1968), 380 Mich 131.

The evidence of defendant's guilt is overwhelming. At the degree hearing, witnesses, including a doctor, testified that defendant was alert and in possession of his faculties, able to walk, climbed stairs without falling, staggering or lurching. The trial judge found that defendant understood the events surrounding the death of the victim and that the killing was wilful, deliberate and premeditated. The record supports this conclusion. There is no indication of any miscarriage of justice. *People v. Fred W. Thomas* (1967), 7 Mich App 519; *People v. Gill* (1968), 12 Mich App 383.

It is for the court to determine the degree of murder. MCLA § 750.318 (Stat Ann 1954 Rev § 28.550). After a guilty plea has been accepted, the proceeding to determine the degree of murder is not a trial. *People v. Case* (1967), 7 Mich App 217. In such a proceeding, it is not error for the trial court to elicit information from the defendant.

Affirmed.