PEOPLE v. MAXWELL

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.

> There is no absolute right on the part of the accused to withdraw a plea of guilty but withdrawal rests within the sound discretion of the court and is not reversed unless there is an abuse; therefore, the trial court did not err in denying defendant's pre-sentencing motion to withdraw his plea of guilty sought or defendant's assertion that his attorney induced the plea, having said that his case was hopeless, where such assertion was unsupported and uncorroborated and the record belies his allegations.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 June 8, 1970, at Lansing. (Docket No. 7,728.) Decided July 1, 1970. Leave to appeal denied August 27, 1970. 383 Mich 824.

Kenneth R. Maxwell was convicted, on his plea of guilty, of forgery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Donald P. Neumann* and *Gerald W. Edson,* Assistant Prosecuting Attorneys, for the people.

*Anthony M. Bonadio,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 503 *et seq.*

Before: McGREGOR, P. J., and BRONSON and MAHINSKE,* JJ.

PER CURIAM. Defendant pled guilty to a charge of forgery, CL 1948, § 750.248 (Stat Ann 1962 Rev § 28.445), and was sentenced to serve 5 to 14 years in prison. He appeals.

After having pled guilty and prior to sentencing, the defendant moved to withdraw his plea of guilty, asserting that his attorney had induced him to plead guilty, having said that his case was "hopeless." Defendant now assigns as error the trial court's refusal to allow him to withdraw his plea.

Defendant makes the unsupported allegation that his attorney's statement prompted his plea; furthermore, there is no corroboration that such statement was ever made and the record belies his allegations. This is not sufficient to invalidate an otherwise exemplary criminal procedure. See *People* v. *Mayfield* (1969), 16 Mich App 680, 681. The rule is well established that there is no absolute right on the part of the accused to withdraw a plea of guilty. *People* v. *Zaleski* (1965), 375 Mich 71; *People* v. *Whitmer* (1969), 16 Mich App 703. Withdrawal rests within the sound discretion of the court and is not reversed unless there is an abuse. See *People* v. *Pulliam* (1968), 10 Mich App 481. Furthermore, defendant herein makes no assertion of innocence, nor that there was a miscarriage of justice. *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Winegar* (1968), 380 Mich 719.

Conviction affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.