PEOPLE *v.* SOLIS

1. JURY—VOIR DIRE—COUNSEL'S EXAMINATION—COURT'S EXAMINA-
TION—DISCRETION.
   The trial court may permit attorneys to conduct the examination
   of prospective jurors or may itself conduct the examination;
   the choice being discretionary with the trial court (GCR 1963,
   511.3).

2. JURY—VOIR DIRE—COURT'S ERROR.
   Error, if any, in the conduct of *voir dire* by the trial court must
   arise in the manner of conducting it or in the refusal to
   ask proper and relevant questions submitted to the court.

3. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—MISTRIAL.
   Refusal to grant a mistrial, made on the ground that a prosecu-
   tion witness had unresponsively mentioned defendant's prior
   "trouble" and "probation", was not error where the prosecu-
   tor placed no emphasis on the remarks and the trial court
   issued corrective instructions to jury following the remarks
   and at the conclusion of the evidence proofs.

Appeal from Ingham, Jack W. Warren, J.   Sub-
mitted Division 2 March 4, 1971, at Lansing.   (Dock-
et No. 8319.)   Decided March 30, 1971.   Leave to
appeal denied, 386 Mich 772.

Benito Solis was convicted of second-degree mur-
der.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Raymond L. Scodel-*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Jury § 198 *et seq.*
[3] 29 Am Jur 2d, Evidence § 320 *et seq.*

*ler,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*William A. Austin,* for defendant on appeal.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. Defendant, charged with first-degree murder, was convicted by a jury of second-degree murder and sentenced to life imprisonment.

There was no dispute surrounding the specific facts of the crime itself. The evidence adduced at trial, most simply put, reveals that the defendant shot and killed one Margo Garcia on December 25, 1968, following an argument over the treatment of a dog owned by the victim's brother. In light of the posture of the case as presented to this Court there is no need for further elaboration of the facts.

On appeal, defendant alleges the court committed reversible error in the following instances: (1) error by the trial court in not permitting defendant's trial counsel to actively participate in the *voir dire* examination of veniremen; (2) error by the trial court in denying defendant's motion for mistrial based on testimony of a prosecution witness concerning defendant's prior criminal record; and (3) error by the trial court in not determining before trial that the jury panel was a fair cross-section of the citizenry.

I

The trial court may permit attorneys to conduct the examination of prospective jurors or may itself conduct the examination, it being a discretionary matter with the trial court. GCR 1963, 511.3.

Error, if any, in the conduct of *voir dire* by the trial court must arise in the manner of conducting it or in the refusal to ask proper and relevant questions submitted to the court. In the instant case counsel concedes that the court summarized the questions he had submitted. Defendant, however, contends that the court violated his right to counsel under the Sixth Amendment to the United States Constitution by refusing to allow counsel to conduct the *voir dire*. We fail to see how defendant was denied the effective assistance of counsel in the instant case. A reading of the record amply demonstrates that the trial court conducted this *voir dire* in a fair and judicious manner.

## II

No direct reference was ever made at trial to a prior conviction or record of the defendant. An unresponsive answer of a prosecution witness referred to defendant's prior "trouble" and "probation". No emphasis was placed upon this testimony by the prosecutor and the trial court issued corrective instructions to the jury following the testimony in question and at the conclusion of the evidence. While there are circumstances where improper statements are brought to the attention of the jury which are of such a nature that the court's instruction cannot remove the prejudicial effects, such is not the case here. The trial court correctly instructed the jury and it is apparent that the defendant was not prejudiced by the unresponsive answer complained of by the defendant.

## III

The record is devoid of any evidence of a systematic exclusion of Chicanos, *i.e.,* people of Mexican-

American heritage, from the jury panel. This issue was never raised at trial and there was no challenge to the jury roll. Trial counsel did not challenge the jury box nor did he seek the aid of the trial court in determining whether there were Mexican-Americans on the jury in this case. Matters not raised at trial cannot be raised for the first time in the Court of Appeals unless manifest injustice is shown. *People* v. *Wright* (1967), 6 Mich App 495; *People* v. *Pearson* (1970), 24 Mich App 270; *People* v. *Leroy Morgan* (1970), 24 Mich App 660.

Affirmed.