## PEOPLE *v.* CONKLIN

1. CRIMINAL LAW—PLEA OF GUILTY—VACATING PLEA—COURT RULE —VERBATIM COMPLIANCE.

   A plea of guilty should not be set aside after the sentence has been imposed merely because the record does not show verbatim compliance with the court rule requiring the trial judge to inform the accused of the nature of the accusation and the consequences of his plea (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—COURT'S DUTY.

   A presumption exists that the trial judge performed his duty to satisfy himself that a guilty-pleading defendant understood the nature of the accusation and the consequences of his guilty plea where the judge stated on the record that he found the guilty plea to be freely, understandingly, and voluntarily made.

3. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO WITHDRAW.

   An accused does not have an absolute right to withdraw a plea of guilty.

4. CRIMINAL LAW—APPEAL AND ERROR—UNSUPPORTED ALLEGATIONS.

   Unsupported allegations of error are not sufficient to invalidate an otherwise exemplary criminal procedure.

5. CRIMINAL LAW—APPEAL AND ERROR—TIMELY OBJECTIONS.

   Objections raised for the first time on a criminal appeal will not be considered by an appellate court unless the defendant can show manifest injustice.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 491.
[3] 21 Am Jur 2d, Criminal Law § 504 *et seq.*
  Right to withdraw plea of guilty. 20 ALR 1445 supp. 66 ALR 628.
[4] 5 Am Jur 2d, Appeal and Error § 776 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 553 *et seq.*

Appeal from Lapeer, Norman A. Baguley, J. Submitted Division 2 April 1, 1971, at Detroit. (Docket No. 8599.) Decided April 27, 1971.

Jeffrey Hale Conklin was convicted, on his plea of guilty, of unlawfully possessing and driving away a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Martin E. Clements,* Prosecuting Attorney, for the people.

*Thomas K. Butterfield,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Defendant, a minor between the ages of 15 and 17, was arrested on a charge of taking possession and driving away a motor vehicle. MCLA § 750.413 (Stat Ann 1954 Rev § 28.645). Pursuant to MCLA § 764.27 (Stat Ann 1954 Rev § 28.886), jurisdiction over defendant was waived by the probate court to the circuit court. Defendant entered a plea of guilty to the offense charged and was sentenced to 3-1/2 to 5 years in the State Prison of Southern Michigan. Defendant filed a motion for peremptory reversal which was denied. Defendant appeals as of right from his conviction and sentence and requests a new trial.

Defendant raises three issues on appeal: (1) the trial court did not fully comply with GCR 1963, 785.3(2) in accepting defendant's guilty plea; (2) defendant was denied the right to effective assistance of counsel; and (3) the waiver by the probate court of jurisdiction over defendant to the circuit court was improper.

Defendant contends that because of his youth and lack of education he did not understand the consequences of pleading guilty. He further contends that his plea of guilty was induced by coercion and promises of leniency by the prosecutor. The record of defendant's arraignment belies these contentions. The record fully supports the conclusion that the trial judge completely complied with GCR 1963, 785.3(2) in accepting defendant's guilty plea.

A plea of guilty should not be set aside after sentencing merely because the record does not show verbatim compliance with the court rule requiring the court to inform the accused of the nature of the accusation and the consequences of the plea. *People v. Winegar* (1968), 380 Mich 719. The judge in this case stated on the record that he found the plea to be freely, understandingly, and voluntarily made. In such a case the presumption is that the trial judge performed his duty to satisfy himself that the defendant understood the nature of the accusation and the consequences of the guilty plea. *People v. Winegar, supra.* The rule is well established that there is not an absolute right on the part of an accused to withdraw a plea of guilty. *People v. Zaleski* (1965), 375 Mich 71; *People v. Whitmer* (1969), 16 Mich App 703.

Defendant's allegations of misconduct on the part of the prosecutor are unsupported. Unsupported allegations of error are not sufficient to invalidate an otherwise exemplary criminal procedure. *People v. Maxwell* (1970), 25 Mich App 186; *People v. Mayfield* (1969), 16 Mich App 680. Defendant's allegations of ineffective representation of counsel and improper waiver of jurisdiction by the probate court are also unsupported. Defendant presents no cases, authorities, or compelling reasons for supporting

his assertions. An appellate court cannot effectively review matters inadequately presented and argued to it. *People* v. *Raub* (1967), 9 Mich App 114; *Mitcham* v. *City of Detroit* (1959), 355 Mich 182.

Defendant did not object below to either ineffective representation of counsel or improper waiver of jurisdiction by the probate court. Defendant did not seek substitute counsel. Only where defendant can show manifest injustice will this Court consider objections raised for the first time on appeal. *People* v. *Pearson* (1970), 24 Mich App 270; *People* v. *Bradford* (1968), 10 Mich App 696.

Even if the merits of these issues be reached on appeal, it is clear that defendant's contentions are insufficient to require this Court to reverse the result reached in the circuit court.

Relief from a final conviction on the ground of incompetent or ineffective counsel generally will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience, or the purported representation was only perfunctory or in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. *People* v. *Walter Van Turner* (1970), 26 Mich App 211; *People* v. *Degraffenreid* (1969), 19 Mich App 702; *People* v. *Wynn* (1968), 14 Mich App 268; *Williams* v. *Beto* (CA 5, 1965), 354 F2d 698. Applying the accepted standard, we find defendant's contention of ineffective representation to be without merit.

The files and records of this case indicate that the probate court followed the proper procedures in waiving jurisdiction over defendant to the circuit court. MCLA § 764.27 (Stat Ann 1954 Rev § 28.886).

Defendant's allegations are not sufficient to invalidate an otherwise exemplary criminal procedure. Furthermore, defendant makes no assertion of in-

nocence, nor that there was a miscarriage of justice. *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Winegar* (1968), 380 Mich 719.

Affirmed.