PEOPLE v. RUFFIN

1. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION.
   The Court of Appeals does not consider objections raised for the first time on appeal in a criminal case in the absence of manifest injustice.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—NONPRODUCTION—MANIFEST INJUSTICE.
   A conviction need not be reversed in a criminal case where the prosecution knew that a *res gestae* witness would not be available for trial and failed to notify the defense of this fact, no request for a continuance was made by the defense so that the defendant might try to locate the witness when it first learned of this, no objections were made, and where the record establishes that there has been no miscarriage of justice.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 September 7, 1971, at Detroit. (Docket No. 10903.) Decided September 29, 1971. Leave to appeal denied, 387 Mich 755.

Willie J. Ruffin was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 21 Am Jur 2d, Criminal Law §§ 328, 345 *et seq.*

*Burton L. Borden,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM.   Defendant was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and sentenced to a term of not less than 8 nor more than 15 years in prison. It was alleged at trial that the defendant robbed, at gunpoint, two attendants of a gas station.   Defendant appeals as of right from his conviction and sentence.   The following two issues are raised on appeal: (1) Were the trial court's instructions adequate? (2) Was the defendant denied a fair trial when the prosecution failed to notify defendant prior to trial that a *res gestae* witness would not be produced?

The detective in charge of the case testified in the presence of the jury that he attempted to locate Edward Dew, one of the two gas station attendants above referred to.   The detective stated he went to Dew's home and there was no response to his knock. He left a business card and a note which advised Dew of the purpose of his call and requested Mr. Dew to phone him.   The officer also testified that he checked with the post office department to see if there was a new address.   The last time that the witness attempted to locate Mr. Dew was approximately 26 days prior to trial, although several attempts had been made prior to this time to locate the witness.   In the absence of the jury the trial court advised the prosecuting attorney that this was not a sufficient showing for the non-production of the missing witness.   The trial court charged the jury on this issue as follows:

"Now, one of the *res gestae* witnesses here, Eddie Dew, was not produced.   If you find that the people

have not made a reasonable effort to produce him, you may infer that the testimony was not favorable to the state. But, if you find a reasonable effort to produce him was made, then you may not draw any inferences at all from his non-appearance in this case."

Following the instruction to the jury, the trial court asked both counsel if there were any omissions that they would like to call to the court's attention. Defendant's attorney stated: "No, I have none".

In the absence of manifest injustice, we do not consider objections raised for the first time on appeal. *People* v *Pearson,* 24 Mich App 270 (1970). Additionally, defendant failed to fulfill the requirements of GCR 1963, 516.2, by objecting to the failure to give an instruction. Defendant's basic objection is not directed to that charge as given by the court but his contention is that the charge did not adequately explain to the jury what efforts must be made by the prosecution to produce a *res gestae* witness.

Defendant's second argument is to the effect that if the prosecution had notified defendant in advance of trial that the witness could not be produced, the defense would have made their own effort to produce the witness. At trial defendant did not request a continuance in order that he might exert his own efforts to locate and serve with subpoena the missing witness. This would appear to be either an afterthought on the part of the defense or a trial tactic. From our examination of the record of the entire cause it does not affirmatively appear that the error complained of has resulted in a miscarriage of justice,* and we, therefore, affirm.

Affirmed.

---

* MCLA 769.26; MSA 28.1096.