## Charles D. Bronson v. The People.

*Jurors: Objection: Opinions: Exception: Waiver.* An objection that jurors in a criminal case were accepted and sworn on the panel whose examination disclosed the fact that they were disqualified by reason of opinions they had formed regarding the case, will not be considered on writ of error where no exception was taken at the time, and the question was raised for the first time on a motion for a new trial after conviction. This case and *Hill v. People, 16 Mich.*, 351, distinguished.

*Jury: Irregularity in summoning: Objection: Exception: Waiver.* An objection to the jury, that a portion of them were part of fifty jurors which at a previous term had been ordered to be summoned in addition to the regular panel for the term at which the trial took place, when by statute it was only lawful to cause twenty-four to be summoned, will not be considered on writ of error where, the facts being all known to the party, no exception was taken at the time, and the question was first raised on a motion for a new trial after conviction; this, at most, can only be regarded as an irregularity which it was entirely competent for all parties to waive; and the defendant by failing to except is held to have waived it in this case.

*Heard April 21 and 22. Decided April 27.*

Error to Mecosta Circuit.

*Eggleston & Kleinhans,* for plaintiff in error.

*B. F. Graves, Andrew J. Smith, Attorney General,* and *H. D. Smith,* for the People.

COOLEY, J:

The plaintiff in error having been convicted of a felony relies upon two errors for a reversal of his conviction:

1. That two jurors were accepted and sworn on the panel whose examination disclosed the fact that they were disqualified by reason of opinions they had formed regarding the case;

2. That the court at a previous term had directed fifty jurors in addition to the regular panel to be summoned for the term at which the trial took place, when by statute it was only lawful to cause twenty-four to be summoned, and that seven of these additional jurors sat on the trial of this case.

No exception was taken to the action of the court in either particular, and the plaintiff in error does not appear to have made complaint in any form until after his conviction. So far as we know the action of the court up to that time was satisfactory to him. He then made a motion for a new trial based upon these supposed errors, and it is to the action of the court in refusing this new trial that exception for the first time is taken.

Reliance is had upon the case of *Hill v. The People, 16 Mich., 351,* in which it was decided that where one of the jurors was an alien, which fact did not come to the knowledge of the defendant until after his conviction, a showing of this fact by the defendant entitled him to a new trial as of right, and that error would lie upon the refusal to grant it. The case is not parallel to this. Here the facts were all known to the party, and he made no seasonable objection. If he proposed to object, he should have done so then, instead of quieting the vigilance of the judge by leaving him to suppose that the proceedings were unobjectionable. Moreover, the objections in their nature are different. In *Hill v. The People* a person sat as a juror who was excluded by statute. There is no complaint that the two jurors who were accepted in this case were thus disqualified; the complaint is that the court erred in holding that their examination disclosed no definite opinion in their minds on the facts. The disqualification was absolute in the one case; in the other it depended on a fact which is not found, and which we are asked to find on a review of the evidence. So far as concerns this question there can be no claim that the jury was not a lawful one on the judge's ruling on the facts. It is not therefore a mistrial, and if the judge erred, his attention should have been particularly called to the error, by requesting him to note an exception.

The objection to the summoning of the fifty additional jurors was also one that should have been taken earlier. We are not prepared to say that the case is not within the decision of *People v. Jones, 24 Mich., 215;* and whether it is or

not, where the facts were all known to the party at the time the jury were impaneled, the circumstance that an excessive number of competent jurors had been summoned, if such were the fact, can only be regarded as an irregularity which it was entirely competent for all parties to waive. And it is only in furtherance of good practice to hold that a defendant who chooses to take the chances of an acquittal on the merits, without complaining of any irregularity, has thereby waived it.

No error appears in the record, and the conviction must be affirmed.

The other Justices concurred.