## PEOPLE *v.* VEITENHEIMER.

1. CRIMINAL LAW—ASSAULT—EVIDENCE—WITNESSES — TESTIMONY OF ABSENT WITNESS AT EXAMINATION ADMISSIBLE ON PROPER SHOWING.

   In a prosecution for assault with a dangerous weapon, a black-jack, on a showing by the prosecution that a witness had enlisted in the army of the United States, and was now out of the State, his testimony on the examination in justice's court, where he was fully cross-examined by defendant's counsel, was properly admitted.[1]

2. SAME—DIRECTED VERDICT PROPERLY REFUSED.

   The trial court was not in error in refusing to direct a verdict on the main count in the information on the ground that the testimony did not show a greater offense than assault and battery, in view of the testimony of several witnesses that during the fight between the complaining witness and several young men, they saw defendant with a black-jack in his hand, although no one testified to seeing him strike with it.[2]

[1]Criminal Law, 16 C. J. § 1557; [2]Assault and Battery, 5 C. J. § 339.

On use in criminal case of testimony given at former trial or preliminary examination by witness not available at present time, see notes in 15 A. L. R. 495; 21 A. L. R. 662.

3. SAME—DANGEROUS WEAPON—BLACK-JACK—QUESTION FOR JURY.
    The trial court was not in error in refusing to instruct
    the jury that a black-jack is not in itself a dangerous
    or deadly weapon, but properly instructed them as to
    what would constitute a dangerous weapon and left the
    question to them.[3]

4. SAME—TRIAL—INSTRUCTION AS TO REASONABLE DOUBT CORRECT.
    Refusal to give a requested charge that the policy of our
    law deems it better that many guilty persons escape
    rather than one innocent person should be convicted and
    punished, and that unless the jury could say and feel
    that every material allegation in the information was
    proved beyond a reasonable doubt they should find the
    defendant not guilty, *held*, not error, in view of the fact
    that so far as it was proper said request was covered in
    the general charge.[4]

5. SAME — TRIAL — INSTRUCTION CONTAINING UNWARRANTED AS-
    SUMPTION PROPERLY REFUSED.
    Refusal to give a requested instruction that the complain-
    ing witness had no right to take the law into his own
    hands and commit an assault and battery upon defend-
    ant or the men with him was not error, in view of the
    fact that it assumes that the complaining witness first
    assaulted the defendant, which is not supported by any
    evidence, and that the question was sufficiently covered
    in the general charge.[5]

6. SAME — SELF-DEFENSE — ERRONEOUS INSTRUCTION ON QUESTION
    NOT INVOLVED NOT REVERSIBLE WHERE CORRECTED AND JURY NOT
    MISLED.
    Where the question of self-defense was not in the case,
    an erroneous instruction thereon, followed immediately
    by a correct statement of the law of self-defense, *held*,
    not reversible error under the circumstances, since the
    jury could not have been misled thereby.[6]

Exceptions before judgment from Muskegon; Barton
(Joseph), J., presiding.    Submitted October 16, 1924.
(Docket No. 171.)    Decided December 31, 1924.

George Veitenheimer was convicted of an assault
with a dangerous weapon.    Affirmed.

[3]Assault and Battery, 5 C. J. § 336; [4]Criminal Law, 16 C. J.
§ 2506; [5]Id., 16 C. J. § 2328; [6]Id., 17 C. J. § 3690.

*Willard J. Turner* (*John G. Turner,* of counsel), for appellant.

*Andrew B. Dougherty,* Attorney General, *Harry W. Jackson,* Prosecuting Attorney, and *R. Glen Dunn,* Assistant Prosecuting Attorney, for the people.

McDONALD, J.     The defendant was convicted on an information charging a wilful and felonious assault upon one Gabriel Veldhouse, with a dangerous weapon, to wit, a black-jack, without intending to kill and murder or to do great bodily harm less than the crime of murder.     Veldhouse was a milkman.     About two o'clock in the morning of October 11, 1923, he was delivering bottled milk to customers in an upstairs flat near Christie's hardware store in the city of Muskegon.     A crowd of young men, amongst whom was the defendant, was loitering about the street.     He claims that when he came downstairs these boys had taken some milk from his wagon, and when he spoke to them about it they crowded around him and called him some bad names; that he struck one of them, whereupon a general fight ensued; and that during the fight the defendant struck him from behind on the head with a black-jack.     At the conclusion of the proofs defendant's counsel moved for a directed verdict as to the main count of the information on the ground that there was no testimony showing that the defendant struck Veldhouse with a black-jack.     The court denied the motion.     The case is here on exceptions before sentence.     The record presents the following questions:

1. Was it error for the court to permit the testimony of Glenn Gilson, taken on the examination in justice's court, to be read to the jury?     Gilson was sworn as a witness for the people on the examination in justice's court and was fully cross-examined by counsel for the defendant.     In the showing made by

the prosecuting attorney as to his diligence in securing the attendance of Gilson at this trial, it appeared that the witness had enlisted in the army and was not in the State.    Under the showing made it was not error to permit the stenographer to read into the record the testimony of the witness taken on the examination. The question is ruled by *People* v. *Harvey,* 220 Mich. 226, and *People* v. *Schepps,* 217 Mich. 406.

2. The second question presented relates to the refusal of the court to direct a verdict on the main count in the information on the ground that the testimony did not show a greater offense than assault and battery. The witness Gilson testified that during the fight he saw the defendant with a black-jack in his hand; that he asked him not to use it; that afterwards he saw defendant strike Veldhouse.    There was also testimony that others in the crowd saw defendant with the black-jack and called to him not to hit Veldhouse with it.    It is true that there is no evidence that any one saw him strike with the black-jack, but the circumstances strongly indicate that he did.    At least they were sufficient to make the question one for the jury.    In denying the motion to direct a verdict there was no error.

3. The remaining assignments of error relate to the charge of the court.    It is first urged that the court erred in failing to charge the jury as requested, that a black-jack is not in itself a dangerous or deadly weapon.    The court correctly instructed the jury as to what would constitute a dangerous weapon and left the question to them.    In this there was no error.

4. The fourth assignment of error relates to the refusal of the court to submit to the jury the following request:

"I further charge you, that the policy of our law deems it better that many guilty persons escape rather than one innocent person should be convicted and punished, so that, unless the jury, after a careful and

thorough consideration of all the evidence in the case, can say and feel that every material allegation in the information is proved beyond a reasonable doubt, the jury should find the defendant not guilty."

Except as to the first part of this request it properly stated the law and should have been given, but we think the refusal to do so was not error in view of the fact that in the general charge the court covered it when he said that the burden was on the people to prove every essential part of the information "beyond a reasonable doubt and to a moral certainty."

5. Error is assigned on the refusal of the court to give the following request:

"I further charge you that the complaining witness had no right to take the law into his own hands and commit an assault and battery upon the defendant or upon the men with the defendant, and if you find that such an assault was committed, you will also find that the same was wholly unwarranted upon his part."

While this request correctly states the law there is a very good reason why it should not have been given in the form in which it was presented. It assumes that the complaining witness first assaulted the defendant. There is no evidence to justify any such an assumption. There is no evidence that defendant was hit at any time. Of the boys who were engaged in the fight, the only one who testified in the case was Thomas Stefeni, who says that the defendant was not there when the fight began, that he came up when it was about two-thirds over and that he (Stefeni) was the man on whom the complaining witness began the assault. In view of these facts the defendant was not entitled to the instruction requested. However, the court sufficiently covered it in his general charge.

6. The remaining assignments of error relate to the following portion of the court's charge:

"Now, in that connection, in my own language, I charge you that when a man is assaulted, he must not go to excess to defend himself unless the circumstances so appear to him that it is necessary to save his own life."

This is not a proper statement of the law of self-defense, but the court immediately followed with a correct instruction as follows:

"The use of this black-jack by this respondent could not be justified in any other way, except to defend himself, when it appeared to him that his life was in danger or he was *in danger of great bodily harm.*"

We cannot assume that the jury followed the erroneous instruction because there were no facts to which either of the instructions could be applied. Self-defense was not in the case. No one claims that the complaining witness assaulted or threatened to assault the defendant. There is no evidence that they were fighting. The people's evidence tended to show that the defendant struck with the black-jack from behind the complaining witness, and hit him in the back of the head while he was engaged with the boys in front. The defendant was not sworn and only one of the other boys was called to testify in his behalf. He says that defendant was not in the fight at all; that he came up when it was nearly over, but struck no blows. In the absence of any evidence tending to show that the defendant was assaulted and that he struck with a black-jack in self-defense, there was no occasion for the instructions complained of. The defendant was not entitled to them and, so, under the circumstances, the jury could not have been misled to his prejudice. We find no error in the record.

The conviction is therefore affirmed. The circuit court will proceed to judgment.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.