## PEOPLE *v.* BOYLES.

1. CRIMINAL LAW—ADMISSIBILITY OF FORMER TESTIMONY OF UN-AVAILABLE WITNESS.

   Prior reported testimony of a witness may be read at a trial where the witness is unavailable, where the prior testimony was taken at a preliminary examination of the same case and defense counsel was aware of his impending departure for military service, and had opportunity to, and did, cross-examine at that time (CL 1948, § 768.26).

2. SAME — FORMER TESTIMONY — ADMISSIBILITY — AVAILABILITY OF WITNESSES.

   The party seeking to introduce into evidence the former testimony of a witness because of his unavailability for trial at preliminary examination must make a sufficient showing of unavailability of the witness and of due diligence in trying to procure his appearance (CL 1948, § 768.26).

3. SAME—AVAILABILITY OF WITNESSES—APPEAL AND ERROR.

   The sufficiency of a showing of unavailability of the complaining witness who testified at preliminary examination and of a showing of diligence in seeking the witness is a question for the trial judge and will not be disturbed in the absence of a showing of abuse of discretion (CL 1948, § 768.26).

<hr>

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5,7] 21 Am Jur 2d, Criminal Law §§ 343, 344.
[4] 21 Am Jur 2d, Criminal Law § 344.
[6] 5 Am Jur 2d, Appeal and Error §§ 778, 779.

4. Same—Former Testimony—Admissibility—Waiver of Objection.

The opposing party waived its objection to admission of former recorded testimony of a complaining witness on grounds of lack of due diligence in attempting to procure the witness when it accepted without argument the statement of a second witness that he had received letters from Viet Nam from the witness whose prior testimony was offered (CL 1948, § 768.26).

5. Same—Admissibility of Former Testimony—Availability of Witnesses—Appeal and Error.

Ruling by the trial court that a prosecutor who sought to introduce the former testimony of the complaining witness showed due diligence in trying to procure the appearance of the complaining witness, by the testimony of a cousin of the complaining witness that cousin had received letters from the complaining witness that were sent from Viet Nam where the complaining witness had testified at the preliminary examination that he was in the army and that he was about to leave for Viet Nam *held*, not an abuse of discretion in prosecution for robbery armed (CLS 1961, § 750.529; CL 1948, § 768.26).

6. Same—Appeal and Error—Reversal—Miscarriage of Justice.

No judgment or verdict shall be set aside or new trial granted in a criminal case unless it appears from an examination of the entire record that the error complained of has resulted in a miscarriage of justice (CL 1948, § 769.26).

7. Same—Evidence—Hearsay Testimony—Availability of Witnesses—Harmless Error.

Admission of hearsay testimony by one witness to the effect that another witness is unavailable when this unavailability is adequately shown by other proof and when the statement did not concern the elements of the crime or the guilt of the defendant, *held*, not harmful error in prosecution for robbery armed (CLS 1961, § 750.529; CL 1948, §§ 768.26, 769.26).

Appeal from Genesee, Baker (John W.), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 4,243.) Decided May 27, 1968.

Tansy Boyles was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler* and *Paul G. Miller, Jr.,* Assistant Prosecuting Attorneys, for the people.

*W. Schuyler Seymour, Jr.,* for defendant on appeal.

McGREGOR, P. J.   Tansy Boyles appeals his conviction of robbery armed,* heard by the court without a jury, and requests a new trial, alleging procedural errors.   The defendant was represented by counsel at the preliminary examination, the complaining witness was cross-examined, and it was learned, among other things, that the complaining witness was in the army and that he was about to leave for Viet Nam.   The record shows that defendant filed a motion to suppress the testimony of the complainant taken at the preliminary examination, and at the hearing thereon the defense counsel acknowledged that the record of the preliminary examination showed that the complaining witness was in the Armed Forces and was expecting to go to Viet Nam.   Because of his military service, the complaining witness was unavailable at the trial. For the purpose of showing due diligence in locating Odis Hall, the complaining witness, the prosecution called Talmer Collier, a first cousin of Odis Hall, to testify.   After stating that he had recently been with the parents of the complaining witness, the following dialogue was recorded:

"*Q.* And did you have occasion to discuss where Odis Hall was at that time?

"*Defense Counsel:* Objection, your Honor. Hearsay.

"*A.* Yes, sir.

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

*"Prosecution:* For the purpose of showing whether or not the complaining witness can be here at a hearing. I think hearsay is admissible, I don't think we are restricted to the rules of evidence.

*"Defense Counsel:* I would think that certainly in a case of this importance that the evidentiary rule should be observed. The witness can only testify to what he knows of his own personal knowledge.

*"The Court:* Well, I think he can testify to what he learned without stating actual conversation.

*"Q. (by prosecution)*: Do you know where Odis Hall is at this time?

*"A.* Yes, sir.

*"Q.* Where is he?

*"A.* In Viet Nam.

*"Q.* I have no further questions. Thank you."

On cross-examination, the following excerpt was recorded:

*"Q.* You learned that he is in Viet Nam. What other individuals have told you?

*"A.* No, sir. I have got letters from him.

*"Q.* From him?

*"A.* Yes, sir.

*"Q.* Okay."

In conjunction with the testimony of a following witness, the prosecution, the defense counsel, and the court further disagreed on whether the rules of evidence strictly apply in showing the unavailability of a witness. The prosecution dismissed the witness and stated that it would rest on the testimony of Talmer Collier that the complaining witness was in Viet Nam. Subsequently, the prosecution began its proof of the elements of the crime. The testimony of the complaining witness at the preliminary examination was allowed to be read into the record over defendant's objection that the prosecution had not shown due diligence in its efforts to locate the

complaining witness.    Thereafter, defendant was found guilty.

The appellant contends that: (1) the trial court erred in allowing the testimony of the complaining witness taken at a preliminary examination to be read at the trial, where the only showing of prosecution's due diligence in determining the unavailability of the complaining witness was the testimony of Talmer Collier, and (2) the statement of the witness that Odis Hall was in Viet Nam, in effect, related what Talmer Collier learned in a conversation with the parents of the complaining witness, and therefore, constituted hearsay and was improperly admitted.

Considering the first contention, the appellant accepts the propriety of reading a witness's prior reported testimony at the trial where the witness is unavailable, *People* v. *Vietenheimer* (1924), 229 Mich 409, but contends that the showing of unavailability and due diligence was insufficient, citing *People* v. *Van Vorce* (1927), 240 Mich 75, 78, where the only effort shown to secure the presence of material witnesses was a letter of request sent to their superior officer.

"The showing made by the prosecuting attorney was not sufficient, it did not show due diligence * * *

"It was the duty of the prosecutor to have subpoenas issued for them and use such other means at hand to have them present at the trial."

Appellant argues that such "other means" which the prosecution should have shown would have included corroboration of Collier's statement, employing, for example, a military record verifying the location of the complaining witness.

Beyond appellee's reaffirmation that a complaining witness's statement may be read at trial when the witness is shown to be in military service, *People* v.

*Veitenheimer, supra,* appellee contends that the showing of unavailability was adequate and indicated a "reasonable effort" to locate the complaining witness, especially in view of the information obtained at the preliminary examination that the witness was in the army and about to leave for Viet Nam.

"Testimony taken before a magistrate may be read if the witness is not present and reasonable effort has been made to subpoena the witness." .*People* v. *Hunley* (1946), 313 Mich 688, 693.

The use at trial of the testimony of an unavailable witness is provided for by CL 1948, § 768.26 (Stat Ann 1954 Rev § 28.1049) as follows:

"Testimony taken at an examination   *   *   *   may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial."

The sufficiency of the showing of the prosecution's effort to establish the unavailability of a witness is a question for the trial judge and will not be disturbed in the absence of a showing of an abuse of discretion.

"Sufficient effort to secure the attendance of a material witness is a question for determination by the trial judge, and there is no showing of judicial abuse of discretion under the circumstances in the instant matter.   The ruling of the trial court therein will not be disturbed."   *People* v. *Dusterwinkle* (1966), 3 Mich App 150, 153.

In *Dusterwinkle,* the trial court was held to have acted within its discretion in determining that the prosecution had shown sufficient effort in view of defense counsel's statement that he was satisfied that every effort had been made to secure the wit-

ness. In the present case, as indicated by the dialogue of the trial proceedings above, the defense counsel on cross-examination accepted without argument the statement of the witness Collier that he had received letters from the complaining witness in Viet Nam. Such acceptance can be construed as a waiver of any later objection or appeal attacking the diligence or reasonableness of prosecution's showing of its efforts to locate the complaining witness. Further, under the standard of the *Dusterwinkle Case, supra,* the defendant has the burden of showing an abuse of discretion by the trial judge. It would seem that the defense counsel effectively precluded himself from a claim of abuse of discretion on the part of the trial judge, by acquiescing in the very fact which was the subject of the court's discretion. In the alternative, notwithstanding the acknowledgment of defense counsel, the record indicates a reasonable effort by the prosecution to show the unavailability of the complaining witness, and the trial court did not commit error in its ruling thereon.

Appellant's second contention raises the question of whether the statement of Talmer Collier was hearsay and inadmissible. Opinions vary on whether the strict rules of evidence should apply to proof of a witness's unavailability, 5 Wigmore, Evidence § 1414 (2), but, assuming that the statement was hearsay and, in effect, the relation of a conversation with the complaining witness' parents, the question becomes whether the statement's admission is cause for a new trial. Appellant cites *Donnelly* v. *United States* (1913), 228 US 243 (33 S Ct 449, 7 L Ed 820), for the traditional complaint that any hearsay is injurious as it precludes the testing of declarant's credibility and truthfulness by cross-examination.

The effect of procedural error is provided for in CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096), as follows:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in a criminal case, on the ground of * * * the improper admission * * * of evidence, * * * unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

In *People* v. *Mosley* (1953), 338 Mich 559, 566, the court stated:

"In determining whether irregularities in a criminal trial are grounds for reversal, the test to be applied is not whether there were some irregularities but whether defendant had a fair and impartial trial."

Considering that (1) the statement in question was admitted for the purpose of showing the unavailability of the complaining witness which was adequately shown by other proof, and (2) the statement did not concern the elements of the crime and the guilt of defendant, which also was established by testimony other than that of the complaining witness at the preliminary examination, the statement's admission over defendant's objection cannot be considered sufficient material error to cause an unfair trial or a miscarriage of justice. Assuming the statement was hearsay, its admission did not substantially affect the judgment of the trial court and does not require the granting of a new trial.

Affirmed.

J. H. GILLIS and A. C. MILLER, JJ., concurred.