PEOPLE v MORGAN
PEOPLE v CARGILE
PEOPLE v MONROE

1. CONSTITUTIONAL LAW—RIGHT OF CONFRONTATION—EVIDENCE.

The reading into evidence at trial of the testimony of a witness at the preliminary examination of one codefendant violates the right of confrontation of another codefendant who was not present at that preliminary examination; the admission of such testimony was error and could not be cured by the trial judge's instructions.

2. CRIMINAL LAW—RIGHT OF CONFRONTATION—EVIDENCE—PRESERVING QUESTION.

Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure; therefore a defendant who refused to agree to a severance of his trial from that of codefendants and to a retrial because testimony of a witness at the preliminary examination of a codefendant at which the defendant was not present was read into evidence failed to preserve the issue that evidence was introduced in violation of his constitutional right of confrontation.

3. ASSAULT AND BATTERY—EVIDENCE—PHOTOGRAPHS.

Photographs of the burned back of a victim of a felonious assault were properly admitted into evidence where the prosecution had to prove that the instrumentality used, lighter fluid, was a dangerous weapon; since lighter fluid is not an obviously dangerous weapon evidence of the wounds inflicted by the fluid was highly probative of the character of the instrumentality as a

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 335–337.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 29 Am Jur 2d, Evidence § 790.
[4] 29 Am Jur 2d, Evidence §§ 792, 797, 798.
[5] 21 Am Jur 2d, Criminal Law §§ 398, 399.
[6, 7] 53 Am Jur, Trial § 546.
[8] 21 Am Jur 2d, Criminal Law § 299.

dangerous weapon; proof of any injury actually inflicted is itself proof of the dangerous character of the instrumentality as used.

4. HOMICIDE—EVIDENCE—CORPUS DELICTI—PHOTOGRAPHS.

Photographs of the body of a murder victim are admissible in evidence since they are proof of the corpus delicti.

5. CRIMINAL LAW—EVIDENCE—VENUE—BURDEN OF PROOF.

Venue is a necessary element of a crime and must be proven beyond a reasonable doubt by the prosecution.

6. CRIMINAL LAW—VENUE—INSTRUCTIONS TO JURY—BURDEN OF PROOF—HARMLESS ERROR.

Failure to instruct the jury that venue is a necessary element of the alleged crime and must be proven beyond a reasonable doubt by the prosecution is error, but where record is replete with uncontradicted testimony on where the alleged crime occurred, failure to instruct the jury on the issue of venue is harmless error because venue was established.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY.

Instructions to the jury must be read as a whole to determine whether the law is properly stated.

8. CRIMINAL LAW—FAIR TRIAL—PUBLICITY—POSSIBLE PREJUDICE— JURY—RIGHT TO BE PRESENT—WAIVER

A defendant, as well as his counsel, has the right to be present when a judge questions jurors as to possible prejudice resulting from newspaper articles which contained information about the case which had not been presented to the jury, unless that right is waived; where the record is silent concerning any waiver on the part of the defendants and affidavits on the matter submitted to the Court of Appeals reveal conflicting statements as to whether the prosecutor was advised by defense counsel that defendant did not wish to be present the case must be remanded to the trial court for an evidentiary hearing on the issue whether there was a waiver in fact.

Appeal from Recorder's Court of Detroit, Maurice L. van Benschoten, J. Submitted Division 1 May 14, 1973, at Detroit. (Docket Nos. 13567, 13568, 13675, and 13676.) Decided October 31, 1973.

Thomas F. Morgan, William L. Cargile, and Edmond B. Monroe were convicted of kidnapping and felonious assault. Defendants appeal. Remanded for further evidentiary proceedings consistent with the opinion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Charles Campbell,* for defendants.

Before: R. B. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

R. B. BURNS, P. J. The defendants were each convicted of two counts of kidnapping,[1] two counts of felonious assault,[2] and were acquitted of felony-murder.[3]

On the Court's own motion we consolidated appellants' separate appeals.

Oddie Morgan was robbed and held for $5,000 ransom by Tom Todd. Curtis Atkinson and Donny Young were present at the time. Later in the day defendant Monroe and other men took Edward Love and Atkinson from a poolroom, placed a blindfold over their eyes, and took them to an apartment on the third or fourth floor. When the blindfolds were removed Monroe, William Cargile, and Thomas Morgan were present. The defendants

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.349; MSA 28.581.

[2] MCLA 750.82; MSA 28.277.

[3] Murder in the perpetration or attempted perpetration of a kidnapping, MCLA 750.316; MSA 28.548.

asked Love and Atkinson where Oddie Morgan was, and when they replied that they didn't know, they were beaten. Love and Atkinson were undressed and placed in a closet. When they were let out of the closet Curtis Young was present, his head bruised and bleeding. The three, Young, Love, and Atkinson, were piled on top of each other, and lighter fluid was poured over them and ignited. The three were then placed back in the closet.

The next morning Love and Atkinson were removed from the closet, dressed, blindfolded, taken from the apartment, and released near their homes. Young was still at the apartment when Love and Atkinson left.

After Love and Atkinson were released, Curtis Young jumped out of one of the windows in the apartment. Some of the men in the apartment left, and gunshots were heard later. Curtis Young was found dead.

Monroe has raised one issue not raised by the other defendants. Morgan and Cargile were arrested and had a preliminary examination prior to Monroe's arrest. At the time of the trial Atkinson could not be found and his testimony, taken at the preliminary examination, was read in evidence. As Monroe was not present at the preliminary examination, he was denied the right of confrontation and the testimony was not admissible against him. *Pointer v Texas,* 380 US 400; 85 S Ct 1065; 13 L Ed 2d 923 (1965). The admission of this testimony was error and in our opinion could not be cured by the trial judge's instructions.

However, before the case was submitted to the jury the prosecution realized the possible prejudice and informed the court that he would agree to a severance and a retrial for Monroe. Monroe's at-

torney, after a conference with the defendant, rejected the offer. As stated in *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483, 497 (1969):

"Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of a jury failure."

The prosecutor introduced into evidence photographs of the body of the victim of the alleged felony-murder and photographs of the burned back of one of the complainants. Defendants claimed it was error to show those photographs to the jury because they did not contest the manner of Curtis Young's death, nor did they dispute the occurrence of a felonious assault on the complainants or the manner of that assault.

In *People v Eddington,* 387 Mich 551, 562; 198 NW2d 297, 301 (1972), the Court stated:

"In a criminal case, the burden is upon the people to prove every element of the crime charged. These are not nice pictures but they are not anymore gruesome than some of the testimony by witnesses. The pictures showed the victims as they were found. The pictures depict the corpus delicti."

Defendants were charged with assault by means of a dangerous weapon, to wit: lighter fluid. In order to prove the charges of assault the prosecution had to prove that the instrumentality used to accomplish the assaults was a "dangerous weapon". Some instrumentalities are obviously dangerous weapons, *e.g.,* guns and brass knuckles. Other instrumentalities are not dangerous weapons unless used in furtherance of an assault and in a manner capable of inflicting serious injury. Proof of any injury actually inflicted is itself proof of the

dangerous character of the instrumentality as used. *People v Goolsby,* 284 Mich 375, 378; 279 NW 867, 868–869 (1938); *People v Vaines,* 310 Mich 500; 17 NW2d 729 (1945).

Since lighter fluid is not an obviously dangerous weapon, evidence of the wounds inflicted by its use is highly probative of its character as a dangerous weapon. Therefore, the photographs of the burned back of one of the complainants were properly admitted by the trial judge.

Photographs of the body of a murder victim are proof of the corpus delicti. *People v Eddington, supra,* at 562; 198 NW2d at 301. Therefore, the photographs of the body of Curtis Young were properly admitted.

Defendants assert the trial court erred by not instructing the jury that the prosecutor must prove venue; that the alleged offenses were committed in the City of Detroit.

Failure to so charge was error. Venue is a necessary element of alleged crime and must be proved by the prosecution beyond a reasonable doubt. However, in this case we consider this oversight "harmless error". The record is replete with uncontradicted testimony that these crimes were committed in the City of Detroit. Venue was established. The error was harmless. *People v Boyles,* 11 Mich App 417; 161 NW2d 448 (1968).

Defendants also complain that the trial judge misstated the law of kidnapping in his instructions. When read as a whole the trial judge adequately instructed the jury as to the charge of kidnapping. Instructions must be read as a whole. *People v Dye,* 356 Mich 271; 96 NW2d 788 (1959).

Defendants claim they were denied a fair trial, when during the course of the trial two articles appeared in a local newspaper; both articles con-

tained information about the case which had not been presented to the jury.

The trial judge interviewed each of the jurors and each denied having seen the newspaper articles. The trial judge did not err in denying defendants' motions for a mistrial.

When the judge interviewed the jurors concerning the first newspaper article, counsel was present for all defendants, but the defendants themselves were not present. *People v Medcoff,* 344 Mich 108; 73 NW2d 537 (1955) requires that the defendants, as well as counsel, be present when a judge questions jurors as to possible prejudice concerning newspaper articles.

The record is silent concerning any waiver on the part of the defendants. In an affidavit submitted to the court the prosecutor states that he personally informed all three defense attorneys of the trial judge's plan to question each juror in chambers, that he urged each to consult with his respective client, and that each defense attorney, after speaking with his client, advised the prosecutor that the defendant did not wish to be present. In reply affidavits two attorneys state they do not remember such a conversation and one attorney denies any conversation.

If the prosecutor's allegations are accurate, defendants waived their right to be present. However, we cannot resolve the factual dispute between the prosecutor and defense counsel. Accordingly, we remand for an evidentiary hearing. If it is determined that defendants were advised by their attorneys of their right to be present when the trial judge questioned the jurors, defendants'

convictions are affirmed. On the other hand, if the defendants were not so advised by their attorneys, new trials must be ordered.

The cause is remanded to the trial court for proceedings consistent with this opinion.

All concurred.