PEOPLE v YARBROUGH

1. MOTIONS—CRIMINAL LAW—MISTRIALS—UNTIMELY MOTIONS—UNDERLYING FACTS.

A criminal defendant's motion for a mistrial may be renewed after being withdrawn where such renewal occurs prior to the jury's deliberations; a mistrial motion is untimely when made after the trial where the underlying facts in support of the motion were known to the defendant prior to the conclusion of his trial.

2. MOTIONS—MISTRIALS—PREJUDICE—TRIER OF FACT.

A motion for a mistrial indicates that the moving party feels the conduct of the trial is such that the trier of fact is precluded from rendering an unprejudiced verdict.

3. MOTIONS—CRIMINAL LAW—DIRECTED VERDICT—SUFFICIENCY OF EVIDENCE—GUILTY VERDICTS.

A motion for a directed verdict indicates that the moving party thinks that there is insufficient evidence, as a matter of law, to support a verdict of guilty.

4. MOTIONS—CRIMINAL LAW—DIRECTED VERDICT—MISTRIALS—UNDERLYING CIRCUMSTANCES.

The denial of a defendant's motion for a directed verdict in a criminal trial has no impact on the underlying circumstances which factually support the defendant's motion for a mistrial in that case.

Appeal from Recorder's Court of Detroit, Dalton A. Roberson, J. Submitted June 13, 1977, at Detroit. (Docket No. 29306.) Decided September 6, 1977. Leave to appeal applied for.

Hendrick Yarbrough was convicted of four

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Trial § 1080.
[3] 75 Am Jur 2d, Trial § 469.
[4] 75 Am Jur 2d, Trial § 464.

counts of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

N. J. KAUFMAN, J. Defendant appeals as of right from his April 12, 1976 conviction by a jury on four counts of first-degree murder, contrary to MCLA 750.316; MSA 28.548.

The incident occurred on December 15, 1973. Four bodies were found in the living room of a dwelling at 9146 Oakland in Detroit. All had been shot in the head. One of the bodies had stab wounds in addition to the fatal gunshot wound.

Defendant raises seven issues on appeal, only one of which is necessary to the disposition of this case.

On three occasions, during the course of the trial, reference was made to defendant's incarceration. After the first reference, defense counsel moved for a mistrial but also asked that the trial court take the motion under advisement. The trial court did so. After the second reference, the trial court gave a cautionary instruction to the effect that the jury should not consider the fact that defendant was in jail, as it did not relate to his guilt or innocence in this case.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The third instance occurred on direct examination of the parole officer assigned to the case of the key prosecution witness:

"Q All right. And have you ever recommended anything to the Parole Board on behalf of Mr. Wilson?

"A I recommended that he not be placed in the same block with Mr. Yarbrough."

After the witness had finished testifying, there followed a long discussion as to the propriety of the question cited above. Defendant's trial counsel argued that the question was another basis on which the trial court should declare a mistrial. The prosecutor argued surprise, but the trial court did not think it excused the error. The trial court stressed that the parole officer was not a hostile witness and noted that the repeated references to incarceration presented defendant with a Hobson's choice regarding his right not to testify.

Defense counsel then asked if the trial court would take the motion under advisement. The prosecutor objected but the trial court took a recess with the motion under advisement.

After the recess, defense counsel announced that, after a conference with defendant, they were going to withdraw the motion. Defense counsel explained that he wanted the opportunity to make a motion for a directed verdict. The trial court questioned defendant on the record and defendant indicated his agreement. Although the trial court stated it was willing to grant a mistrial, the trial court allowed the motion to be withdrawn.

Defense counsel did make a motion for a directed verdict of acquittal, but the motion was denied. Defense counsel then renewed the motion

for mistrial. However, the trial court ruled that the motion had been withdrawn.

The precise issue on appeal is whether the trial court was correct in ruling, in effect, that once a motion for mistrial is withdrawn, it cannot be renewed.

The foundation case in this area of the law is *Bronson v The People,* 32 Mich 34 (1875). In that case, a motion for mistrial was made after the trial was completed. However, the facts in support of the motion (voir dire irregularities) were known by defendant prior to the conclusion of the trial. Justice COOLEY noted:

"Reliance is had upon the case of *Hill v. The People,* 16 Mich., 351, in which it was decided that where one of the jurors was an alien, which fact did not come to the knowledge of the defendant until after his conviction, a showing of this fact by the defendant entitled him to a new trial as of right. *[sic]* and that error would lie upon the refusal to grant it." 32 Mich at 35.

Writing for a unanimous Court, Justice COOLEY then held:

"The case is not parallel to this. Here the facts were all known to the party, and he made no seasonable objection. If he proposed to object, he should have done so then, instead of quieting the vigilance of the judge by leaving him to suppose that the proceedings were unobjectionable. Moreover, the objections in their nature are different. In *Hill v. The People* a person sat as a juror who was excluded by statute. There is no complaint that the two jurors who were accepted in this case were thus disqualified; the complaint is that the court erred in holding that their examination disclosed no definite opinion in their minds on the facts. The disqualification was absolute in the one case; in the other, it depended on a fact which is not found, and which we are asked to find on a review of the evidence. So far as concerns this

question there can be no claim that the jury was not a lawful one on the judge's ruling on the facts. It is not, therefore, a mistrial, and if the judge erred, his attention should have been particularly called to the error, by requesting him to note an exception." *Id.*

That case has been cited for the proposition that a trial court is not in error in refusing to grant untimely requests for mistrials. We have no quarrel with that holding. However, we still must decide what constitutes an untimely request.

Certainly, where the underlying facts are known to the defendant prior to the conclusion of the trial and defendant nevertheless waits until after the trial to make the motion, there is no doubt but that the request is untimely. But that factual setting is not present in this case. Defendant did not wait until after the case went to the jury before renewing his motion for mistrial. What, then, makes the request untimely?

Plaintiff argues that the renewal of the motion for mistrial was untimely because once it was withdrawn the motion could not be renewed, relying solely on *People v Morgan,* 50 Mich App 288; 213 NW2d 276 (1973), *reversed on other grounds,* 400 Mich 527; 255 NW2d 603 (1977).

In that case, one of the three defendants was not present at the preliminary examination in which an unproduced prosecution witness testified. Thus, when that testimony was read into evidence, the defendant's right of confrontation was denied. Although ruling that the admission of that testimony was erroneous, this Court felt that reversal was not required, explaining:

"However, before the case was submitted to the jury the prosecution realized the possible prejudice and informed the court that he would agree to a severance

and a retrial for Monroe. Monroe's attorney, after a conference with the defendant, rejected the offer. As stated in *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483, 497 (1969):

" 'Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of a jury failure.' " 50 Mich App at 291–92.

To properly discuss this case in terms of *Morgan,* it is necessary to make an examination of the purpose behind a motion for a mistrial. Through an analysis of that purpose, it is then possible to show that this case is wholly distinguishable from *Morgan, supra.*

Traditionally, a motion for a mistrial indicates that a party feels the conduct of the trial is such that the trier of fact, in this case the jury, is precluded from rendering an unprejudiced verdict. In *Morgan,* the fact that the trier of fact heard testimony to which the defendant could offer no cross-examination was significant. In this case, there were repeated references to defendant's incarceration.

In *Morgan,* a mistrial was offered to defendant but he refused. In this case, a motion for mistrial was made, withdrawn, and made again. There lies the essential factual difference between the two cases. In the former, there was no motion. In the latter, a motion was offered.

However, as stated earlier, the prosecution contends that the withdrawal of the motion renders this case identical to *Morgan.* To accurately assess that claim, it is necessary to inquire why the motion was withdrawn. In this case, the motion for mistrial was withdrawn to allow defense counsel to move for a directed verdict. A motion for directed verdict indicates that a party thinks that there is insufficient evidence, as a matter of law, to

support a verdict of guilty. It is evident that if the motion for directed verdict is denied, the taint which the party felt had suffused the trier of fact still exists. In fact, in a jury trial, the jury is totally unaware of the legal proceeding on the directed verdict. Conceptually, therefore, a motion for directed verdict to the trial court as a ruler of law, can have no impact—either favorable or unfavorable—on the underlying circumstances which factually support the motion for mistrial.[1]

It is now possible to comprehend the essential legal disparity between this case and *Morgan, supra.* Prior to the jury deliberations in *Morgan,* there was no extant motion for a mistrial. This Court, following the rationale of *Bronson v The People, supra* (albeit without citation) properly affirmed. In this case, prior to the jury deliberations, there was a valid motion for a mistrial which should have been ruled upon.[2] The trial court erred in refusing to consider the motion, *cf. People v Howe,* 392 Mich 670; 221 NW2d 350 (1974), and since the trial court expressed its willingness to grant the motion for mistrial, a remand for such a determination is unnecessary. We reverse and remand for a new trial.

[1] It may be admitted that there is perhaps a visceral reaction against such logic, a feeling that somehow "defendant is getting away with something." But it should be remembered that not all trial tactics are of the invited-error type. Where, as here, the legal proceeding has no effect on the underlying issue, it can hardly be said defendant has somehow gained an unfair advantage.

[2] Certainly, it cannot be argued that whenever the trial court wishes, it can force defendant to make an election. There is a sound policy reason behind the rule forcing an election before the issue goes to the jury, the trier of fact. If the concern in a motion for mistrial is that the jury cannot reach an impartial verdict, defendant must decide prior to those deliberations. *See Bronson v The People, supra.* If, however, the trial court seeks to force an election long prior to the time the jury is told to begin deliberating, the trial court must justify its action. Irrelevant legal proceedings cannot provide that justification in this case.

Because of the disposition of the issue discussed above, it is unnecessary to discuss the remaining allegations of error raised by defendant.

Reversed and remanded.