22416

The STATE, Respondent, v. Clifton Joe CAMPBELL, Appellant.

(339 S. E. (2d) 109)

Supreme Court

*B. O. Thomason, Jr.* and *William A. Coates* of *Love, Thornton, Arnold & Thomason,* Greenville and *S. C. Office of Appellant Defense, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Carlisle Roberts, Jr.,* Columbia and *Solicitor William B. Traxler, Jr.,* Greenville, *for respondent.*

Submitted Oct. 10, 1985.

Decided Dec. 9, 1985.

*Per Curiam:*

Appellant was convicted of murder and sentenced to life imprisonment. We affirm.

At trial the State presented evidence that appellant killed Pat Swayngham by dousing him with gasoline and then setting him on fire. In his jury instructions, the trial judge charged that malice may be implied from the use of a deadly substance or material. Appellant argues this charge was erroneous because there is no precedent for a charge on implied malice from the use of a deadly substance.

The implication of malice may arise from the use of a deadly weapon. *State v. Elmore*, 279 S. C. 417, 308 S. E. (2d) 781 (1983); *State v. Mattison*, 276 S. C. 235, 277 S. E. (2d) 598 (1981). A deadly weapon is generally defined as "any article, instrument or substance which is likely to produce death or great bodily harm." *State v. Sturdivant*, 304 N. C. 293, 283 S. E. (2d) 719 (1981); *see* A. L. I. Model Penal Code and Commentaries § 210.0(4) (1980). Because gasoline could be considered a deadly weapon in this case, the charge was proper. *See Everhart v. State*, 358 So. (2d) 1058 (Ala. Crim. App. 1978) (fire bomb or "Molotov cocktail" is a deadly weapon); *State v. Morgan*, 50 Mich. App. 288, 213 N. W. (2d) 276 (1973) (lighter fluid may be a deadly weapon).

Next, appellant contends his statement was erroneously admitted into evidence. Appellant made a statement to police officers when they arrived at his house with an arrest warrant. The officers did not read appellant his *Miranda* rights. Appellant made an identical statement at the police station after he was given a *Miranda* warning. Appellant alleges error in the admission of the second statement because he was not given a *Miranda* warning before the first statement was made.

An initial failure to administer *Miranda* warnings before a statement is given does not taint a subsequent statement, made after a suspect has been fully advised of and has waived his *Miranda* rights, when both statements are voluntary. *Oregon v. Elstad,* ___ U. S. ___, 105 S. Ct. 1285, 84 L. Ed. (2d) 222 (1985); *see also In re Christopher W.*, 285 S. C. 329, 329 S. E. (2d) 769 (S. C. App. 1985). The trial judge found that both of appellant's statements were freely and voluntarily given. This finding is supported by the evidence. The second statement was properly admitted into evidence.

Appellant's remaining exceptions are without merit and are affirmed under Supreme Court Rule 23.

Affirmed.