THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Bruce E. Steele, Appellant.
 
 
 

Appeal From Lexington County
 James W. Johnson, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-554
Submitted December 1, 2010  Filed
 December 21, 2010    
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor
 Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: 
 Bruce E. Steele was convicted of first-degree
 criminal sexual conduct with a minor and two counts of lewd act on a minor. 
 Steele appeals his convictions, arguing the trial court erred in refusing to
 suppress two incriminating statements.  Steele argues one of his statements was
 given without Miranda[1] warnings while he was in custody and the other statement was given after he had
 already provided an incriminating statement.  We affirm[2] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1.  As to whether the trial court erred in admitting Steele's
 statement given before he had been given Miranda warnings: State v. Evans,
 354 S.C. 579, 583, 582 S.E.2d 407, 409 (2003) (holding appellate review of
 whether a person is in custody for Miranda purposes is limited to a
 determination of whether the trial judge's ruling is supported by the record); State
 v. Navy, 386 S.C. 294, 301, 688 S.E.2d 838, 841 (2010) (holding that if
 "it is debatable whether a reasonable person would have believed himself
 to be in custody at the time the first statement was given" then "the
 trial court's finding that respondent was not in custody should [be] upheld
 [if] it is supported by the record"); State v. Easler, 327 S.C.
 121, 127, 489 S.E.2d 617, 621 (1997) (interpreting custody to mean a
 "formal arrest or detention associated with a formal arrest").
2.  As
 to whether the trial court erred in admitting Steele's statement given after he
 was given Miranda warnings: State v. Campbell, 287 S.C. 377, 379, 339 S.E.2d 109, 110 (1985) (finding an
 "initial failure to administer Miranda warnings before a statement
 is given does not taint a subsequent statement, made after a suspect has been
 fully advised of and waived his Miranda rights, when both statements are
 voluntary").
 AFFIRMED.
 FEW, C.J., and SHORT and WILLIAMS, JJ., concur.

[1] Miranda v. Arizona, 384
 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.