**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Judson Penn, Appellant.

Appellate Case No. 2013-002146

———————————

Appeal from Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-114
Heard January 6, 2016 – Filed March 2, 2016

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Caroline M. Scrantom, and Assistant Attorney General Kaycie Smith Timmons, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————————

**PER CURIAM:**  David Judson Penn appeals his convictions of murder and grand larceny.  First, Penn argues the trial court erroneously instructed the jury "an overt threatening act" by the victim was required to reduce murder to voluntary manslaughter.  Additionally, Penn maintains the court erred by refusing to charge the jury on examples of legal provocations as cited in *State v. Gallman*.[1]  Further, Penn asserts the trial court erred in refusing to instruct the jury on circumstantial evidence using the supreme court's language from *State v. Logan*.[2]  Finally, Penn contends the trial court erred by instructing the jury that words alone can never be enough to constitute legal provocation.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in instructing the jury "an overt threatening act" against him was required to reduce murder to voluntary manslaughter:  *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (holding in reviewing a jury charge, the charge should be viewed as a whole and a charge is correct if read as a whole it adequately explains the law); *id.* ("A jury charge which is substantially correct and covers the law does not require reversal); *State v. Rogers*, 320 S.C. 520, 525, 466 S.E.2d 360, 362-63 (1996) ("[W]hen death is caused by the use of a deadly weapon, offending words must be accompanied by an 'overt, threatening act . . . which could have produced the heat of passion.'" (alteration by court) (quoting *State v. Lowry*, 315 S.C. 396, 399, 434 S.E.2d 272, 274 (1993))); *State v. Scurry*, 322 S.C. 514, 517, 473 S.E.2d 61, 63 (Ct. App. 1996) ("A deadly weapon is generally defined as 'any article, instrument or substance which is likely to produce death or great bodily harm.'" (quoting *State v. Campbell*, 287 S.C. 377, 379, 339 S.E.2d 109, 109 (1985))).

2.  As to whether the trial court erred by refusing to charge the jury on examples of legal provocations as cited in *Gallman*:  S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."); *Ellison v. Parts Distribs., Inc.*, 302 S.C. 299, 301, 395, S.E.2d 740, 741 (Ct. App. 1990) (holding to warrant reversal, a trial court's refusal to give a requested jury charge must be both erroneous and prejudicial); *State v. Hughey*, 339 S.C. 439, 452, 529 S.E.2d 721, 728 (2000) ("A trial judge's refusal to provide specific jury instructions is not reversible error if the general instructions are sufficiently broad to enable the

---

[1] *State v. Gallman*, 79 S.C. 229, 240, 60 S.E. 682, 687 (1908).

[2] *State v. Logan*, 405 S.C. 83, 99, 747 S.E.2d 444, 452 (2013).

jury to understand the law and the issues involved."), *overruled on other grounds by Rosemund v. Catoe*, 383 S.C. 320, 680 S.E.2d 5 (2009).

3.  As to whether the trial court erred in refusing to instruct the jury on circumstantial evidence using the supreme court's language from *Logan*:  *State v. Adkins*, 353 S.C. 312, 318-19, 577 S.E.2d 460, 464 (Ct. App. 2003) ("The substance of the law is what must be charged to the jury, not any particular verbiage."); *Logan*, 405 S.C. at 100, 747 S.E.2d at 452-53 ("This holding does not prevent the trial court from issuing the circumstantial evidence charge provided in *Grippon*[3] and *Cherry*.[4] However, trial courts may not exclusively rely on that charge over a defendant's objection.").

4.  As to whether the trial court erred by instructing the jury that words alone can never be enough to constitute legal provocation:  *Cohens v. Atkins*, 333 S.C. 345, 349, 509 S.E.2d 286, 289 (Ct. App. 1998) (holding in charging the jury, the trial court is required only to charge the current and correct law of South Carolina); *Rogers*, 320 S.C. at 525, 466 S.E.2d at 362 ("[R]acist statements . . . are legally insufficient to constitute such legal provocation because mere words, no matter how opprobrious, are insufficient to constitute adequate legal provocation when death is caused by the use of a deadly weapon."); *Campbell*, 287 S.C. at 379, 339 S.E.2d at 110 (stating any "article, instrument or substance which is likely to produce death or great bodily harm" can be considered a deadly weapon) (quoting *State v. Sturdivant*, 283 S.E.2d 719, 725 (N.C. 1981))).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[3] *State v. Grippon*, 327 S.C. 79, 84-84, 489 S.E.2d 462, 463-64 (1997).

[4] *State v. Cherry*, 361 S.C. 588, 600-02, 606 S.E.2d 475, 481-82 (2005).