PEOPLE v YARBROUGH (ON REMAND)

Docket No. 78-1618. Submitted June 18, 1977, at Detroit.—Decided · July 18, 1978.

> Hendrick Yarbrough was convicted of four counts of first-degree murder. At trial defendant moved for a mistrial, then, prior to the court's decision on the motion but after the court expressed its willingness to grant the motion, withdrew his motion in order to move for a directed verdict. When that was denied, defendant resubmitted his motion for mistrial but the Recorder's Court of Detroit, Dalton A. Roberson, J., ruled that the motion had been withdrawn and could not be renewed. Defendant appealed his convictions to this Court and this Court reversed, 78 Mich App 81; 259 NW2d 248 (1977), holding that the trial court erred in refusing to entertain the motion it had expressed a willingness to grant. Defendant sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, vacated the decision of this Court and remanded for the Court of Appeals to consider whether it would have been error for the trial court to deny the motion for mistrial, 402 Mich 920 (1978). On remand, *held:*

>> The trial court expressed its willingness to grant a mistrial, the grant of which lies in the sound discretion of the trial court, and the Court of Appeals finds no abuse of discretion.

>> Reversed and remanded.

>> F. J. Borchard, J., not participating.

Trial—Motion for Mistrial—Discretion of Court.

> The grant or denial of a motion for mistrial rests within the sound discretion of the trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Maude D. Cor-*

Reference for Points in Headnote
76 Am Jur 2d, Trial §§ 1072 *et seq.,* 1078 *et seq.*

*rigan,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

PER CURIAM. This case was originally decided by this Court in *People v Yarbrough,* 78 Mich App 81; 259 NW2d 248 (1977). On April 28, 1978, the Supreme Court issued the following order:

"Leave to appeal is considered April 28, 1978, and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court of Appeals decision is vacated and the case is remanded o the Court of Appeals for consideration of the question of whether, assuming *pro arguendo* that the trial court should have entertained defendant's final request for mistrial, it would have been error for the trial court to refuse to grant said motion. Unless it would have been error for the trial court to refuse to grant the motion, reversal on this basis should not be ordered. In addition, the matters raised by defendant in his application for cross-appeal are remanded to the Court of Appeals for such further consideration as the Court of Appeals shall deem necessary. This Court does not retain jurisdiction." 402 Mich 920 (1978).

The following is in compliance with that order. We specifically readopt our previous opinion and the legal conclusions set forth therein. As to the issue posed by the Supreme Court, it is elementary that a motion for mistrial lies within the sound discretion of the trial court, *e.g. People v Schram,* 1 Mich App 279; 136 NW2d 44 (1965), *aff'd,* 378 Mich 145; 142 NW2d 662 (1966). As noted in our previous opinion, " * * * the trial court expressed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

its willingness to grant the motion for mistrial". 78 Mich App at 87. We find *no* abuse of discretion. Defendant's conviction is reversed and the case is remanded for a new trial.

In addition, we have reconsidered the remaining issues posed by defendant. As to the issue of witness Willie Wilson's claim and later renunciation of his Fifth Amendment right not to incriminate himself, on retrial, the trial court is directed to *People v Dortch,* 84 Mich App 184; 269 NW2d 541 (1978). Defendant's other claims have no merit.

Reversed and remanded for a new trial.

F. J. BORCHARD, J., not participating.