PEOPLE v McQUEEN

Docket No. 77-2565. Submitted May 3, 1978, at Lansing.—Decided August 22, 1978.

Jesse McQueen was convicted of armed robbery and assault with intent to commit murder, Genesee Circuit Court, Thomas C. Yeotis, J. Defendant appeals alleging that the trial court erred by denying the defendant's motion for a mistrial based upon testimony elicited during the direct examination of a prosecution witness who alluded to the defendant's past incarceration and that testimony elicited on cross-examination from a prosecution witness concerning "mug shots" of the defendant was prejudicial and requires reversal. *Held:*

The references to the defendant's past incarceration and the "mug shots" of the defendant were inadvertent and did not constitute reversible error in the absence of a persuasive showing of prejudice.

Affirmed.

N. J. Kaufman, J., dissented. He would hold that the reference to the "mug shots" was not inadvertent since it was made by a police sergeant who should have known what legal subjects should not be adverted to during a trial and because the prosecution should have cautioned its witnesses not to refer to mug shots or other inadmissible areas of potential testimony. He would reverse and remand for a new trial.

OPINION OF THE COURT

1. CRIMINAL LAW—NEW TRIAL—ABUSE OF DISCRETION—WITNESSES—PROSECUTION WITNESS—DEFENDANT'S PAST INCARCERATION.

It was not an abuse of a trial court's discretion to deny a defendant's motion for a mistrial based upon testimony, elicited during direct examination of a prosecution witness, alluding to the defendant's past incarceration where the prosecutor neither hoped for nor anticipated the elicitation of prejudicial testi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 126, 127.
[2] 5 Am Jur 2d, Appeal and Error §§ 797, 801.
    58 Am Jur 2d, New Trial § 29.

mony from his line of questioning of the witness and where
there is an absence of a persuasive showing of prejudice.

DISSENT BY N. J. KAUFMAN, J.

2. CRIMINAL LAW—EVIDENCE—APPEAL AND ERROR—WITNESSES—MUG
   SHOTS—CROSS-EXAMINATION.
   *A defendant's conviction should be reversed and the matter
   remanded for a new trial where a police sergeant appearing as
   a prosecution witness, in response to questions by defense
   counsel who studiously avoided the use of the prejudicial term
   "mug shots", gave nonresponsive answers and referred to "mug
   shots" when cross-examined by defense counsel as to whether
   he had shown photographs of the defendant to anyone, and if
   so, to whom.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief, Appellate Division, for the people.

*Michael H. Leavitt,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK
and N. J. KAUFMAN, JJ.

J. H. GILLIS, P. J. Defendant was tried and con-
victed by a jury of armed robbery, contrary to
MCL 750.529; MSA 28.797, and assault with intent
to commit murder, contrary to MCL 750.83; MSA
28.278. He was subsequently sentenced to 15 to 30
years in prison and now appeals as of right.

Defendant first contends that the trial court
abused its discretion when it denied defendant's
motion for a mistrial based upon the testimony
elicited during the examination of a prosecution
witness who alluded to defendant's past incarcera-
tion. We disagree.

The testimony at issue was given in response to
the following questions:

"Q *[by the prosecutor]* Did you know Jessee McQueen *[the defendant]* in December, 1976?

"A Yes, sir.

"Q How long had you known him up to that time?

"A I first met him, it was either late part of August, first part of September, when he gotten out of county jail."

It cannot be said that the prosecutor anticipated or hoped to elicit prejudicial testimony from the aforementioned line of questioning. *Cf. People v Greenway,* 365 Mich 547; 114 NW2d 188 (1962).

The case of *People v Harry Fleish,* 321 Mich 443; 32 NW2d 700 (1948), is dispositive of defendant's claim.

"We think the record does not justify the conclusion that this improper testimony was deliberately injected into the case by the prosecutor. * * * Inadvertent irregularities of this character are bound to occur in the course of prolonged, hotly contested trials, and when, as in the instant case, the objectionable testimony is purged from the record by the trial court, the irregularity should not be held to constitute reversible error in the absence of a persuasive showing of prejudice." *People v Fleish, supra,* at 462–463. Also see *People v Solis,* 32 Mich App 191; 188 NW2d 166 (1971).

Defendant next contends that testimony elicited on cross-examination from a prosecution witness concerning "mug shot" photographs of defendant was prejudicial and requires reversal of his convictions. This argument fails in light of the aforementioned discussion.

Defendant's final allegation of error fails in light of *People v Bills,* 53 Mich App 339; 220 NW2d 101 (1974).

Affirmed.

D. E. HOLBROOK, J., concurred.

N. J. KAUFMAN, J. *(dissenting)*. I must respect-
fully dissent from that portion of the majority
opinion dealing with mug shots. While defense
counsel was questioning the investigating officer
assigned to this case, Sergeant Hazenfratz, the
following colloquy occurred:

"Q Did you ever show pictures of the defendant to
anyone?
"A Mug shots.
"Q Who did you show pictures to?
"A Mrs. Curran.
"Q Anyone else?
"A Ah, her grand niece observed them on two occa-
sions.
"Q Was there anyone that you showed any pictures
to?
"A Not actual mug shots, I don't believe."

The majority opinion apparently concluded that
the "improper testimony was [not] deliberately
injected into the case by the prosecutor". In a
narrow sense, that is correct; the question was
asked by defense counsel. But it strains credulity
for the reasons set forth below to suggest that the
exchange quoted above should be excused as inad-
vertent.

First, the improper testimony was offered by a
prosecution witness. Although that fact alone is
not enough to prove "deliberateness", where the
witness is a law enforcement official, especially a
police sergeant, it is not too much to suggest that
those witnesses should know what legal subjects
should not be adverted to during a trial. Certainly,
it would not be too much to expect that the
prosecutor would caution his witnesses not to refer

to mug shots or other inadmissible areas of potential testimony such as polygraphs or whether or not defendant exercised his right to silence upon arrest.

Second, defense counsel studiously avoided using the term "mug shots". In fact, his questions do not, in the least, suggest an answer of "mug shots". The first question demanded a "yes" or "no" answer. The fourth question specifically demanded an answer in terms of a person's name. The second reference to mug shots was definitely nonresponsive.

In *People v Heller,* 47 Mich App 408, 411; 209 NW2d 439 (1973), this Court noted:

"[T]hat where a defendant has not taken the stand, an unedited mug shot would impermissibly place the defendant's prior conviction if any before the trier of fact and result in reversible prejudice."

In this case, the verbal imagery was every bit as direct, and just as prejudicial. I would reverse defendant's conviction and remand for a new trial.