PEOPLE v YARBROUGH (ON REMAND) (ON REHEARING)

Docket No. 78-1618. Submitted June 18, 1977, at Detroit.—Decided September 21, 1978.

Hendrick Yarbrough was convicted of four counts of first-degree murder, Recorder's Court of Detroit, Dalton A. Roberson, J. The defendant appealed, claiming that the trial court had erred in failing to consider the defendant's motion for a mistrial, based on reference at trial on three different occasions to the defendant's prior incarceration, which had been withdrawn and later renewed. The Court of Appeals reversed and remanded for a new trial, 78 Mich App 81 (1977).

The prosecution then applied for leave to appeal to the Supreme Court. In lieu of granting leave, the Supreme Court vacated the decision of the Court of Appeals and remanded the matter to the Court of Appeals for consideration of the question of whether assuming *pro arguendo* that the trial court should have entertained the defendant's final request for mistrial, it would have been error for the trial court to refuse to grant said motion. On remand, the Court of Appeals again reversed the trial court and remanded the matter for a new trial, 84 Mich App 779 (1978).

The prosecution subsequently applied for a rehearing in the Court of Appeals. Rehearing granted. *Held:*

Had the trial court entertained the motion it would not have been error to refuse to grant the defendant's renewed motion for a new trial.

The trial court is affirmed.

1. WITNESSES—CRIMINAL LAW—EVIDENCE—REFERENCE TO PRIOR IN-
   CARCERATION—NONRESPONSIVE ANSWER.

   An answer by a prosecution witness, in response to a question on direct examination, which made reference to the fact that the witness knew a defendant because they had met in the penitentiary was not cause for granting a mistrial where the prison

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Witnesses §§ 434, 435.
[2] 75 Am Jur 2d, Trial § 687.
[3] 81 Am Jur 2d, Witnesses § 433.

reference was a nonresponsive, volunteered answer to a proper question.

2. WITNESSES—CRIMINAL LAW—EVIDENCE—REFERENCE TO PRIOR INCARCERATION—FOUNDATION—INSTRUCTIONS TO JURY.

There was no error resulting from a reference at trial to a defendant's prior incarceration where the prosecutor asked a witness to relate a conversation he had had with the defendant and defense counsel objected, demanding a foundation as to time and place, and the reference occurred during the reading to the jury of the witness's preliminary examination testimony to supply the necessary foundation, and where a cautionary instruction was given by the court concerning the testimony.

3. WITNESSES—CRIMINAL LAW—EVIDENCE—REFERENCE TO PRIOR INCARCERATION—MISTRIAL—INSTRUCTIONS TO JURY.

A witness's reference at trial to a defendant's prior incarceration was improper where the reference was elicited by a question from the prosecutor and the reference probably could have been avoided had the prosecutor been better prepared; however, the one remark did not necessitate the granting of a mistrial where the jury already knew that the defendant had been in prison, due to foundational facts elicited previously at defense counsel's request, and where the trial court gave a cautionary instruction regarding this matter.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: R. M. MAHER, P.J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

ON REMAND, ON REHEARING

PER CURIAM. We granted the prosecutor's motion for rehearing in this cause on August 24,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1978, in order to reconsider our opinion in *People v Yarbrough (On Remand),* 84 Mich App 779; 270 NW2d 689 (1978).

This case was originally decided in *People v Yarbrough,* 78 Mich App 81; 259 NW2d 248 (1977). The facts are stated in the original opinion. This Court reversed defendant's conviction on the ground that the trial court had failed to address defendant's motion for mistrial which had been withdrawn and later renewed by defense counsel.[1] On appeal by the prosecutor, the Supreme Court issued the following order:

"Leave to appeal is considered April 28, 1978, and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court of Appeals decision is vacated and the case is remanded to the Court of Appeals for consideration of the question of whether, assuming *pro arguendo* that the trial court should have entertained defendant's final request for mistrial, it would have been error for the trial court to refuse to grant said motion. Unless it would have been error for the trial court to refuse to grant the motion, reversal on this basis should not be ordered. In addition, the matters raised by defendant in his application for cross-appeal are remanded to the Court of Appeals for such further consideration as the Court of Appeals shall deem necessary. This Court does not retain jurisdiction." 402 Mich 920 (1978).

Addressing the above question, we find that it would not have been error to refuse to grant the motion for mistrial. The basis for this motion was that three references to defendant's incarceration were made during the trial. The first reference was made by a prosecution witness who, when

---

[1] We adhere to the legal conclusions as stated in our original opinion with respect to the issue of the trial court's duty to consider defendant's motion for mistrial. Our opinion here is directed solely to answering the question posed by the Supreme Court, *infra.*

asked on direct examination whether he knew the defendant, answered, "Yes, I met him in the penitentiary, he locks [sic] four cells from me." The prison reference here was a nonresponsive, volunteered answer to a proper question. It was not cause for granting a mistrial. See *People v Kelsey,* 303 Mich 715, 717; 7 NW2d 120 (1942), compare *People v Greenway,* 365 Mich 547; 114 NW2d 188 (1962).

The second reference to defendant's incarceration occurred during the reading of witness Wilson's preliminary examination testimony to the jury. The prosecutor asked Wilson to relate a conversation he had had with the defendant, and defense counsel objected, demanding a foundation as to time and place. No error resulted when this necessary foundation was supplied, especially since a cautionary instruction was given by the court concerning the use of the testimony.

The third mention of prior time in jail took place when the prosecutor asked Wilson's parole officer whether he had made any recommendations regarding Wilson. The parole officer answered, "I recommended that he not be placed in the same block with Mr. Yarbrough". While we do not condone the prosecutor's question, and in fact suspect that had the prosecutor been better prepared, his witness would not have referred to defendant's incarceration, we do not find that this one remark necessitated the granting of a mistrial. By this time the jury already knew that defendant had been in prison, due to the foundational facts elicited previously at defense counsel's request. In addition, the trial court gave a second cautionary instruction regarding this matter at the conclusion of the proofs.

For the above reasons we find that refusal to

grant defendant's renewed motion for a mistrial would not have been error. Since defendant's other allegations of error are also without merit, we affirm defendant's conviction.

Affirmed.

F. J. Borchard, J., did not participate.