PEOPLE v LANGSTON

Docket No. 31327. Submitted June 5, 1978, at Grand Rapids.—Decided November 6, 1978.

Edwin L. Langston was convicted of first-degree felony murder, Van Buren Circuit Court, Meyer Warshawsky, J. The killing occurred during the commission of an armed robbery in which the defendant was an accomplice of the person who shot the victim. Defendant appeals, alleging error in the trial court's instructions to the jury. *Held:*

In order to be liable for murder an accomplice to a robbery must have acted with the intent to kill or in reckless disregard of a known and high degree of risk that death or serious bodily harm might occur. In this case the trial court's instruction to the jury failed to inform the jury that malice entails a more than foreseeable risk of death and is based on the defendant's subjective awareness of the risks and consequences of his acts. The instruction was not sufficient to support a conviction of first-degree murder.

Reversed and remanded.

V. J. BRENNAN, J., dissented. He would hold that although the existence of malice is a question for the jury, the element of malice sufficient to elevate a killing to felony murder is established by finding that the killing occurred in the perpetration

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Malice §§ 1-7.

40 Am Jur 2d, Homicide §§ 41-43, 50, 51, 71-79, 227, 247, 454, 472, 498-500.

Inference of malice or intent to kill where killing is by blow without weapon. 22 ALR2d 854.

Presumption of deliberation or premeditation from the fact of killing. 86 ALR2d 656.

Presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR3d 1435.

What felonies are inherently or forseeably dangerous to human life for purpose of felony—murder doctrine. 50 ALR3d 397.

[2-4] 40 Am Jur 2d, Homicide §§ 34-40.

[4] What constitutes "imminently dangerous" act within homicide statute. 67 ALR3d 900.

of one of the felonies enumerated in the first-degree murder statute.

OPINION OF THE COURT

1. HOMICIDE—MURDER—MALICE—INFERENCE BY JURY.

Malice, under Michigan common law, is a necessary element of murder which may be inferred by a jury from the commission of an underlying felony but may not be imputed to a defendant by the court.

2. HOMICIDE—FELONY MURDER—ACCOMPLICE LIABILITY—MALICE.

The reasoning which supports the rule that Michigan does not have a felony-murder doctrine leads to the conclusion that an accomplice to a robbery may not be held liable for a murder committed in the course of that robbery unless he acted with malice.

3. HOMICIDE—FELONY MURDER—ACCOMPLICE LIABILITY.

An accomplice to a robbery, in order to be held liable for a murder committed in the course of that robbery, must have acted with the intent to kill or in reckless disregard of a known and high degree of risk that death or serious bodily harm might occur.

4. HOMICIDE—INSTRUCTIONS TO JURY—MURDER—MALICE.

A trial court's instructions to a jury that a murder must have been found to be "fairly within the scope of a criminal enterprise and it might have been expected to happen in the course of committing this robbery with a pistol" is not sufficient to support a conviction of an accomplice to a robbery of first-degree murder because it fails to inform the jury that malice entails a more than foreseeable risk of death and is based on a defendant's subjective awareness of the risks and consequences of his acts.

DISSENT BY V. J. BRENNAN, J.

5. HOMICIDE—MURDER—FELONY MURDER—MALICE—STATUTES.

*The existence of malice, in a trial for murder, is a question for the jury; however, the element of malice sufficient to elevate a killing to felony murder is established by finding that the killing occurred in the perpetration of one of the felonies enumerated in the first-degree murder statute (MCL 750.316; MSA 28.548).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ward S. Hamlin, Jr.,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Rolf E. Berg,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

DANHOF, C.J. Defendant was convicted after a jury trial of first-degree felony murder under MCL 750.316; MSA 28.548, and sentenced to mandatory life imprisonment. Claiming several errors in the proceedings below, he appeals as of right.

Defendant mainly objects to the trial court's instructions on mens rea. By our disposition of this issue, we eliminate the need to discuss other alleged grounds for reversal.

At trial, the prosecution claimed defendant had intentionally aided Ronald Wilson in the armed robbery of a store, and that Ronald Wilson, in committing that robbery, shot and killed Arretta Lou Ingraham. The people proceeded on a felony-murder theory that any killing committed in the course of a robbery is first-degree murder under MCL 750.316; MSA 28.548, and that an accomplice to the underlying felony is liable as a principal for the murder. Citing *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976), defendant argues that MCL 750.316; MSA 28.548 is not a true felony-murder statute as it only applies after murder has been found, and then only to establish the degree of the offense. Under Michigan common

---

* Circuit judge, sitting on the Court of Appeals by assignment.

law, malice is still an independent, necessary element of murder which may be inferred by the jury from the commission of an underlying felony, but may not be imputed by the court.

We agree with defendant and the panel in *People v Fountain, supra,* that there is no felony-murder doctrine in Michigan. The statutory and common law foundations for this ruling are well set out in the *Fountain* opinion. We add here that the ruling also is in line with the basic premise that a criminal state of mind is the essence of crime. See LaFave & Scott, Criminal Law, § 65, pp 515–17. In addition, by requiring an independent finding of malice, the rule does not substantially thwart the goal of deterring crime, as the punishment of negligent conduct only has a marginal deterrent effect, nor does it overburden the state in prosecuting criminals, as malice may often be inferred from the nature of the underlying felony and the circumstances surrounding its commission. *People v Fountain, supra.*

From this view of felony murder it follows that an accomplice to robbery cannot be liable for a murder committed in the course of that robbery unless he acted with malice. While a majority of state courts hold an accomplice liable for all the foreseeable consequences of the criminal scheme he advances, LaFave & Scott, *supra,* we find that accomplice liability predicated on negligence, even when the crime involves a more serious state of mind, is as obnoxious as felony murder to the basic precepts and purposes of our criminal law. Logically, we cannot accept the former doctrine while rejecting the latter. Indeed, as Professors LaFave and Scott point out, the negligence standard for accomplice liability only makes sense in the context of felony murder—when a principal

can be convicted for homicide without any showing of recklessness or intent, it is no less objectionable to hold the accomplice liable without showing he acted with a guilty mind. We find that it makes little sense to convict either the principal or accomplice under such circumstances.

Michigan case law also provides some support for this conclusion. Thus, the Michigan Supreme Court in *People v Knapp,* 26 Mich 112 (1872), broadly held that an accomplice is liable for any acts fairly within the common enterprise that might have been expected to happen. Later, it narrowed that decision in *People v Foley,* 59 Mich 553; 26 NW 699 (1886), by holding that an accomplice to an assault cannot be found liable for a robbery that was within the responsibility of all the assailants, but not shown as a matter of fact to be within the defendant's specific intent. The inference is that foreseeability is a necessary but not a sufficient element of accomplice liability for unintended consequences. See also *People v Koharski,* 177 Mich 194; 142 NW 1097 (1913); *People v Belton,* 160 Mich 416; 125 NW 386 (1910); *People v Cleveland,* 107 Mich 367; 65 NW 216 (1895).

We hold, therefore, that to be liable for murder an accomplice to robbery must have acted with the intent to kill or in reckless disregard of a known and high degree of risk that death or serious bodily harm might occur.

In the instant case, the only instruction that indicated a need to find some mens rea beyond the intent to aid and abet robbery was the judge's charge that the murder must have been found to be "fairly within the scope of a criminal enterprise and it might have been expected to happen in the course of committing this robbery with a pistol". That charge does not satisfy the test we have laid

out in this opinion as it fails to inform the jury
that malice entails a more than foreseeable risk of
death and is based on defendant's subjective
awareness of the risks and consequences of his
acts. LaFave & Scott, *supra,* § 71, p 554; CJI,
16:2:03 and commentary, pp 16-90–16-99. Although
the record contains facts from which an inference
of malice might have been drawn *(i.e.,* aiding an
armed robbery itself creates a risk of death), the
issue must be retried and put before the jury.
*People v Fountain, supra.*

Reversed and remanded for a new trial.

R. H. CAMPBELL, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I must dissent
from the majority's opinion.

The controversy at bar focuses on the adequacy
of the trial court's instruction concerning the in-
tent element of the crime of aiding and abetting
felony murder. In regard to the aiding and abet-
ting theory, the jury was told that if they found
that defendant helped plan the robbery with in-
tent to assist in the robbery, then they could find
aiding and abetting. The trial court then went on
to list the elements of the crime of aiding and
abetting felony murder as: (1) defendant intended
to commit robbery when he aided the principal, (2)
defendant did in fact aid or abet or assist in the
robbery, (3) murder occurred as a result of the
robbery, (4) the murder was "fairly within the
scope of [the] criminal enterprise and it might
have been expected to happen in the course of
committing this robbery with a pistol". The trial
court then explained that the jury was to distin-
guish between first- and second-degree murder and
defined first-degree murder as "the killing occur-
red as a result of the crime of robbery and that

the defendant was at the time engaged in aiding or abetting another, * * * in the commission of that crime".

The majority holds that the instruction constitutes reversible error in that it eliminated the element of malice from the jury's consideration.

The instruction when read as a whole indicates that if it is found that the killing occurred within the scope of the criminal enterprise of robbery with a pistol, and if the defendant aided or abetted in that criminal enterprise, then the defendant could be found guilty of felony murder. Although I agree that the existence of malice is a jury question, the element of malice sufficient to elevate the killing to felony murder is established by finding that the killing occurred in the perpetration of one of the enumerated felonies. *People v Till,* 80 Mich App 16, 28–29; 263 NW2d 586 (1977). In this regard I would hold the instructions in the present case not to be erroneous.

I believe that my position comports with the legislative policy underlying the felony murder rule which is "to discourage those who would commit, or attempt to commit, felonies inherently dangerous to human life by imposing a greater penalty than would otherwise obtain for deaths attributable to their acts in furtherance of the felonious purpose". *People v Till, supra,* 36.

I would affirm the defendant's conviction.