PEOPLE v McGEE

Docket No. 30165. Submitted March 7, 1979, at Grand Rapids.— Decided May 21, 1979. Leave to appeal applied for.

Defendant, Harry W. McGee, was convicted of felony-murder in Kalamazoo Circuit Court, Raymond W. Fox, J. At trial a prosecution witness on direct examination testified to having first met defendant in jail. Defendant requested a mistrial, which was denied. Defendant appeals. *Held:*

The trial court erred in denying defendant's request for a mistrial and the fact that defendant later testified is immaterial.

Reversed.

ALLEN, J., dissented. He would hold that, under the circumstances, any error committed was not so prejudicial as to require reversal.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CRIMINAL CONDUCT.

It was reversible error for a trial judge in a felony-murder trial to deny a defense motion for a mistrial where the prosecutor elicited from his own witness the fact that the witness and the defendant had first met in jail, where the fact was not germane to the prosecution, where there was no claim of conspiracy and where the defendant had not yet testified; the fact that the defendant eventually did testify is immaterial.

### DISSENT BY ALLEN, J.

2. CRIMINAL LAW — NEW TRIAL — ABUSE OF DISCRETION — WITNESSES — DEFENDANT'S PAST INCARCERATION.

*It was not an abuse of a trial court's discretion to deny a defendant's motion for a mistrial based upon testimony, elicited during direct examination of a prosecution witness, alluding to*

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 269.

   4 Am Jur 2d, Appeal and Error § 541.

[2] 75 Am Jur 2d, Trial § 127.

*the defendant's past incarceration where the prosecutor neither hoped for nor anticipated the elicitation of prejudicial testimony from his line of questioning of the witness and where there is an absence of a persuasive showing of prejudice.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Thomas J. Hirsch,* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and MAC-KENZIE, JJ.

R. B. BURNS, P.J. Defendant appeals his jury-based conviction of felony-murder, murder during the perpetration or attempt to perpetrate a robbery, contrary to MCL 750.316; MSA 28.548.

Prior to defendant's decision to testify, the prosecutor questioned a witness as follows:

"Q Now, did you know [defendant] prior to seeing him [in jail after his arrest]?

"A I have met him before in 1971 in the County Jail, also *[sic]*."

The prosecutor should have anticipated the answer to his question and that a response would inform the jury of defendant's prior conviction. It was his witness.

The fact of defendant and the witness having met once earlier in jail was in no way germane to the prosecution. There was no claim of conspiracy and, since defendant had not yet testified, his previous imprisonment was not admissible as bearing on credibility. That he did eventually take the witness stand is of no moment. He may have refrained from testifying but for the compulsion of

this disclosure. Defendant's request for a mistrial should have been granted. *People v Greenway,* 365 Mich 547; 114 NW2d 188 (1962).

Reversed.

MACKENZIE, J., concurred.

ALLEN, J. *(dissenting).* I must respectfully dissent. Revealing to the jury that defendant was in the county jail in 1971 was unfortunate but, *in the context of this case,* I do not believe it amounts to reversible error. The testimony in question was given by a witness who testified that defendant had admitted that he had previously stolen the murder weapon. To begin with, the reference was fleeting and never emphasized by the prosecution. Further, the record does not indicate that the prosecutor intended to elicit the testimony, and the questionable testimony was certainly gratuitous in regard to the question asked. This is not to say that the prosecutor did not know that the witness and defendant were acquainted while in jail in 1971. But that fact is hardly dispositive. The question asked by the prosecutor was reasonable. It was material as to the credibility of the witness, who testified that someone admitted a crime to him, to know that the witness and the someone had been previously acquainted.

In *People v Greenway,* 365 Mich 547; 114 NW2d 188 (1962), relied upon by the majority, alleged accomplices admitted committing the offense and incriminated defendant. One accomplice recanted while on the stand and the prosecutor, knowing the answer, asked, "Where did you meet William Greenway (defendant)?" This was a very direct question with only one response expected. The answer was, "In the Arkansas prison". The *Greenway* Court found that the prosecution "clearly

anticipated or hoped for" the response received and that the question was "calculated to prejudice the minds of the jurors against defendant". 365 Mich 547, 549, 550, 551.

There was no such anticipation or calculation behind the question in this case. Moreover, in the instant case there were other points in the trial where defendant was linked to other crimes (the murder weapon was traced to a theft and the witess whose testimony is here in question spoke with defendant while they were both in prison in 1975), and hence the prejudicial impact in this case was less than that in *Greenway*. To summarize:—I find *Greenway* distinguishable on the basis of the question asked, the context in which it was asked, and the resulting prejudice to defendant.

A case more on point than *Greenway* is *People v McQueen,* 85 Mich App 348; 271 NW2d 231 (1978), where the prosecutor asked, "How long had you known him [defendant] up to that time?" and the witness replied, "I first met him, it was either late part of August, first part of September, when he gotten out of county jail". 85 Mich App 348, 350. The *McQueen* Court found no error on this point.

A subsidiary reason for not finding reversible error in this case is defense counsel's responsibility for the failure of the court to give a cautionary instruction. Defense counsel requested such an instruction shortly after the witness's reference to defendant's 1971 imprisonment. The court replied it wished to wait to see whether defendant took the stand as this could make an instruction on just this reference unnecessary. The court asked defense counsel to remind him and defense counsel asked to be relieved of the "responsibility".[1] De-

_____
[1] "THE COURT: Well, remind me of that after the proofs are all in. Now, what I have in mind is if it develops that he takes the witness

fense counsel never reminded the court and no instruction was ever given.

Under our system of jurisprudence it is the responsibility of counsel to request instructions. *People v DerMartzex,* 390 Mich 410, 416; 213 NW2d 97 (1973), *People v Chism,* 390 Mich 104, 120-121; 211 NW2d 193 (1973). Rather than force a trial judge to instruct on every potential error, no matter how harmless, trial counsel has the role of bringing damaging errors to the court's attention in order to correct them. The minimal impact the present error (if error) had at trial is probably the reason defense counsel failed to remind the court about an instruction. Under these circumstances it was not error for the court not to give a cautionary instruction.

Since I find no error in any of the issues raised on appeal, I would affirm.

stand and testifies to a conviction of a felony, at that time then I don't see as there is any harm in it. There may not be any harm in it anyway. All the witnesses—well, I suppose the prosecutor knew where he met him. When you asked him where he met him I thought he was going to say on the street or a tavern or something. It never entered my mind."