PEOPLE v STEGALL

Docket No. 78-4212. Submitted June 2, 1980, at Lansing.—Decided December 2, 1980.

Jerry W. Stegall was convicted of felony murder and conspiracy to commit armed robbery following a jury trial in Genesee Circuit Court, Philip C. Elliot, J. In a prior appeal from those convictions defendant raised the sole issue of whether the trial court abused its discretion by denying a defense motion to preclude the prosecutor from cross-examining the defendant regarding prior felony convictions in the event the defendant took the stand. The Court of Appeals affirmed the convictions in an unpublished per curiam opinion (Docket No. 77-14, released April 6, 1978). Defendant thereafter filed in the circuit court a delayed motion for a new trial, which was denied by the trial court. Defendant filed a delayed application for leave to appeal in the Court of Appeals, which was granted. In this appeal, defendant alleges ineffective assistance of counsel, prejudice flowing from testimony of a prosecution witness indicating that defendant had committed a prior crime and had been imprisoned, and error in the trial court's instructions on felony murder. *Held:*

1. The record does not support a finding that the defendant was denied effective assistance of counsel at trial.

2. The nonresponsive volunteered answer of the prosecution witness to a proper question by defense counsel during cross-examination did not mandate the granting of the defense motion for a mistrial, since the prejudicial effect of that answer did not result in manifest injustice which could not be cured by a cautionary instruction. Since the evidence against defendant was overwhelming, the prejudicial effect of the nonresponsive

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial §§ 1080-1082.
[2] 5 Am Jur 2d, Appeal and Error § 776.
[3, 6] 75 Am Jur 2d, Trial §§ 623, 624.
[4, 6] 40 Am Jur 2d, Homicide §§ 50, 498-500.
[5] 21 Am Jur 2d, Criminal Law § 8.
  Application of felony murder doctrine where the felony relied upon is an includible offense with the homicide. 40 ALR3d 1341.

answer would have had little probability of influencing the jury's verdict. It was proper for the trial court to deny the motion for mistrial and instead give a corrective instruction to the jury.

3. Malice, for the purpose of a felony murder charge, may be found where one engages in the commission of an act which is dangerous to human life in wanton and wilful disregard of the unreasonable risk that death or serious bodily harm may result, since malice is a state of mind which, while encompassing an intent to kill, may exist absent such intent. The trial court's instruction to the jury that they must, in order to convict for felony murder, find that the defendant intended to kill the deceased or knowingly created a high risk of death or consciously intended to commit the felony which resulted in death adequately instructed the jury on the question of malice.

4. Since a finding that the defendant engaged in a conspiracy to commit armed robbery was a necessary element supporting the defendant's conviction for felony murder, the defendant's conviction for conspiracy to commit armed robbery must be vacated.

Affirmed in part, vacated in part.

DANHOF, C.J., dissented. He would hold that, since the trial court did not instruct the jury that the defendant cannot be liable for murder unless he acted with malice, reversal of the defendant's conviction for felony murder is mandated. He would order entry of a conviction for manslaughter.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — VOLUNTEERED ANSWER — MISTRIAL — PREJUDICE — CAUTIONARY INSTRUCTIONS.

A nonresponsive volunteered answer to a proper question is not cause for granting a mistrial unless the prejudicial effect of that answer results in manifest injustice which cannot be cured by a cautionary instruction by the trial judge.

2. CRIMINAL LAW — EVIDENCE — MOTIONS — MISTRIAL — PRIOR CRIMES — JURY INSTRUCTIONS — PREJUDICE.

A motion for mistrial based upon a nonresponsive answer elicited during cross-examination of a prosecution witness indicating a prior crime by and incarceration of the defendant in a murder trial is properly denied where the trial court gives a corrective instruction and the evidence against the defendant is so overwhelming that the prejudicial effect of that testimony would have little probability of influencing the jury's verdict.

3. TRIAL — JURY INSTRUCTIONS.

> An accused is entitled to jury instructions which are not errone-
> ous or misleading, even where no objection to the trial court's
> instructions is made at trial.

4. HOMICIDE — FELONY MURDER — MALICE — INTENT — JURY IN-
STRUCTIONS.

> Malice, for the purpose of a felony murder charge, may be found
> where one engages in the commission of an act dangerous to
> human life in wanton and wilful disregard of the unreasonable
> risk that death or serious bodily harm may result, since malice
> is a state of mind which, while encompassing an intent to kill,
> may also exist absent such an intent; accordingly, an instruc-
> tion to the jury in a felony murder trial that they must find
> that the defendant intended to kill the deceased or knowingly
> created a high risk of death or consciously intended to commit
> the felony which resulted in the death is proper.

5. HOMICIDE — FELONY MURDER — UNDERLYING FELONY — CONSPIR-
ACY — NECESSARY ELEMENT.

> A defendant's conviction for conspiracy to commit an armed
> robbery must be set aside where the defendant was convicted of
> first-degree felony murder and the conspiracy charge consti-
> tutes a necessary element of the felony murder charge.

DISSENT BY DANHOF, C.J.

6. HOMICIDE — FELONY MURDER — MALICE — JURY INSTRUCTIONS.

> *A separate instruction on malice, indicating to the jury that they*
> *cannot convict without finding that the defendant acted with*
> *malice, must be given in a trial on a charge of felony murder.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Appellate Division, for the people.

*Dolores M. Coulter,* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

M. J. Kelly, J. On September 16, 1976, defendant Jerry Wayne Stegall was convicted by a jury of first-degree felony murder, contrary to MCL 750.316; MSA 28.548, and conspiracy to commit armed robbery, contrary to MCL 750.157(a), MCL 750.529; MSA 28.354(1), MSA 28.797. Thereafter, defendant was sentenced to separate life terms of imprisonment for each offense.

In a previous proceeding defendant appealed as of right, raising for review a single issue of whether the trial court abused its discretion in denying a motion to preclude the prosecutor from cross-examining the defendant regarding prior felony convictions in the event the defendant took the stand. This Court affirmed the convictions in an unpublished per curiam opinion (Docket No. 77-14, released April 6, 1978). On June 30, 1978, the defendant filed a *pro se* delayed motion for a new trial in the circuit court. The motion was denied by the circuit judge on September 11, 1978. The defendant then filed a *pro se* delayed application for leave to appeal, which was granted by this Court on June 27, 1979.

In this appeal, defendant contends that the trial court erred in denying his delayed motion for a new trial. In support of this allegation, defendant first asserts that he was denied the effective assistance of counsel at trial. Upon examination of the record, however, we find that defense counsel met the standards for effective assistance set forth in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977), and *People v DeGraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969).

Defendant's second claim of error asserts reversible prejudice arising from the response of a prosecution witness during cross-examination, which

exposed to the jury a prior term of imprisonment
and possible murder committed by defendant:

> "*Q [by defense counsel]:* Did Jerry ever talk to you
> about his former life or his life before he came to Flint;
> did he brag to you about that—what happened?
>
> "*A [by the witness]:* He talked once a little bit about
> coming from North Carolina.
>
> "*Q.* Did Jerry appear to you to be a bragger?
>
> "*A.* Not really. Not really. He had mentioned about
> when he was in prison before, but other than that,
> Jerry was very quiet. He never said too awful much. He
> did say that he was—that he had killed a guy or
> something in North Carolina or in that area wherever
> he was; I do not remember where he did it."

In response to this remark, defense counsel re-
quested a mistrial or, alternatively, a corrective
jury instruction. The trial court chose to admonish
the jury to disregard the unsolicited response.

If such a prejudicial response could reasonably
have been anticipated by defense counsel, we
would tend to agree with the defendant that a
mistrial was required and that the defendant's
delayed motion for a new trial should have been
granted. See *e.g., People v Greenway,* 365 Mich
547; 114 NW2d 188 (1962), *People v McGee,* 90
Mich App 115; 282 NW2d 250 (1979). However, the
witness's prejudicial response was clearly unantici-
pated. A nonresponsive volunteered answer to a
proper question is not cause for granting a mis-
trial. *People v Kelsey,* 303 Mich 715, 717; 7 NW2d
120 (1942), *People v Yarbrough (On Remand) (On
Rehearing),* 86 Mich App 105; 272 NW2d 345
(1978). In *People v Fleish,* 321 Mich 443, 463; 32
NW2d 700 (1948), the Court refused to find
grounds for reversal of defendant's conviction
when one witness referred at trial to the defen-
dant's incarceration at Alcatraz. The Court stated:

"Inadvertent irregularities of this character are bound to occur in the course of prolonged, hotly-contested trials, and when, as in the instant case, the objectionable testimony is purged from the record by the trial court, the irregularity should not be held to constitute reversible error in the absence of a persuasive showing of prejudice."

See also *People v McQueen,* 85 Mich App 348; 271 NW2d 231 (1978), for a similar conclusion regarding the prejudicial effect of an unresponsive answer.

Nevertheless, this Court must decide whether the prejudicial effect of the incompetent testimony has resulted in manifest injustice. *People v Chambers #1,* 64 Mich App 311; 236 NW2d 702 (1975), *People v Duncan,* 55 Mich App 403; 222 NW2d 261 (1974), and whether the prejudicial effect of the incompetent testimony could have been cured by a cautionary instruction by the trial judge. *People v Chambers #1, supra,* 313, citing *United States v Smith,* 403 F2d 74 (CA 6, 1968).

We find the trial court's corrective instruction to the jury cured any prejudice resulting from the witness's comments. There was overwhelming evidence implicating the defendant. We find little probability that the remarks were so strong in effect as to influence the outcome of the jury verdict. We decline to reverse the defendant's conviction on this basis.

Defendant next contends that the trial court's instructions effectively removed from the jury's consideration the element of malice and improperly imputed the malice required for felony murder from the commission of the underlying felony. The trial court's instructions included the following:

"To establish his guilt the prosecution must prove each of the following elements beyond a reasonable doubt. One, that Robert Jarvais died on or about April third, nineteen seventy-six; two, that his death was caused by the defendant during an armed robbery, or that his death occurred as a direct result of the commission of the crime of armed robbery by the defendant; three, that at the time of the robbery which resulted in the death, the defendant either intended to kill Mr. Jarvais or knowingly created a very high degree of risk of his death *or consciously intended to commit the crime of armed robbery resulting in the death;* and four, that the defendant caused the death of Robert Jarvais without justification, excuse, or mitigation." (Emphasis added.)

Defense counsel made no objection to this instruction at trial. Nevertheless, an accused is entitled to instructions which are not erroneous or misleading. *People v Liggett,* 378 Mich 706; 148 NW2d 784 (1967), *People v Ross,* 69 Mich App 705; 245 NW2d 335 (1976).

The Court of Appeals is presently divided on the issue of whether jury instructions on a charge of felony murder must include a separate discussion of malice. The issue remains before the Supreme Court for ultimate resolution. See *People v Wright,* 80 Mich App 172; 262 NW2d 917 (1977), *lv gtd* 402 Mich 938 (1978), *People v Wilder,* 82 Mich App 358; 266 NW2d 847 (1978), *lv gtd* 403 Mich 816 (1978), *People v Robert G Thompson,* 81 Mich App 348; 265 NW2d 632 (1978), *lv gtd* 402 Mich 938 (1978).[1]

In support of his argument on this issue, defendant principally relies on this Court's decision in *People v Fountain,* 71 Mich App 491; 248 NW2d

[1] The Supreme Court has addressed this issue in *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), released on November 24, 1980. The *Aaron* decision was not, however, made applicable to trials concluded prior to the date of that decision.

589 (1976), which found reversible error in the trial court's failure to instruct the jury on the element of malice for felony murder. See also *People v Wright, supra.* The *Fountain* Court concluded that the intent attending commission of the underlying felony could not be imputed to satisfy the malice requirement of first-degree felony murder. However, we find the decision and supporting rationale expressed in *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), and Judge KAUFMAN's dissenting opinion in *People v Wilson,* 84 Mich App 636, 639-655; 270 NW2d 473 (1978), to be the more persuasive. In *Till,* the Court held:

"The cases alluded to in *Fountain* establish that it is for the jury to determine whether a killing results from the commission of a felony so as to form the essential link between the killing and the malice associated with the commission of the felony. A finding of malice may be made without finding an intention to kill. Malice is a state of mind that, while encompassing an intent to kill, may also exist absent such an intent. It may exist where one engages in the commission of an act dangerous to human life in wanton and wilful disregard of the unreasonable risk that death or serious bodily harm may result. *People v Hansen,* 368 Mich 344, 350; 118 NW2d 422, 425 (1962)." *People v Till, supra,* 29.

Applying the above rationale to the present case, it is apparent that no error occurred from the trial court's instructions.

Finally, we address an issue not raised by the parties. The defendant was convicted of both first-degree felony murder and conspiracy to commit armed robbery. Because the conspiracy constitutes a necessary element of the felony murder charge, the defendant's conspiracy conviction must necessarily be vacated. *People v Hicks,* 88 Mich App 675; 279 NW2d 45 (1979), *People v Wilder, supra.*

Affirmed in part, vacated in part.

G. R. CORSIGLIA, J., concurred.

DANHOF, C.J. *(dissenting).* I must respectfully dissent from the majority's disposition of defendant's claim that the felony murder instructions must include a separate discussion of malice because I followed *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976), in *People v Langston,* 86 Mich App 656; 273 NW2d 99 (1978). Since the trial court failed to instruct the jury that defendant cannot be liable for murder unless he acted with malice, I would reverse defendant's conviction for first-degree felony murder but would order entry of a conviction for manslaughter with the people having the option of retrying defendant for first-degree felony murder.