PEOPLE v PETERSON

PEOPLE v HURST

Docket Nos. 52276, 52455. Submitted December 1, 1981, at Detroit.—
Decided February 19, 1982.

Robert J. Peterson and Brian M. Hurst were convicted by a jury
in Recorder's Court of Detroit of first-degree murder in the
perpetration or the attempted perpetration of a larceny. Both
defendants were sentenced to the mandatory terms of life
imprisonment, Harvey F. Tennen, J. Defendants filed separate
appeals, which have been consolidated on appeal. *Held:*

1. The trial court did not commit reversible error by instruct-
ing the jury in the manner it did on the element of malice.

2. Retrial of defendant Peterson following the mistrial after
the trial court granted the prosecution's motion to amend the
information was not barred. He was not placed in double
jeopardy by a second trial.

3. Defendant Peterson's other arguments are without merit.

Affirmed.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — WAIVER — SILENT
RECORD.

A defendant is not precluded from presenting a claim of double
jeopardy for the first time on appeal where the lower court
record contains no evidence of an intentional decision to aban-
don the protection of that constitutional right (US Const, Am
V; Const 1963, art 1, § 15).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MISTRIAL — RETRIAL
— BAD FAITH CONDUCT.

The Double Jeopardy Clause does not bar retrial of a defendant
after the defendant's motion for mistrial is granted unless the
motion for mistrial was induced by bad faith conduct of the
prosecutor or judge (US Const, Am V; Const 1963, art 1, § 15).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 263.
[2] 21 Am Jur 2d, Criminal Law § 286.
[3] 21 Am Jur 2d, Criminal Law § 285.

3. CONSTITUTIONAL LAW — CRIMINAL LAW — AMENDMENT OF INFOR-
    MATION — MISTRIAL — DOUBLE JEOPARDY.

    A criminal defendant is entitled to move for mistrial where the
    prosecutor makes a motion to amend the information against
    the defendant; however, where the jury is discharged after an
    amendment has been granted, the defendant will not be
    deemed to have been in jeopardy for purposes of the Double
    Jeopardy Clause (US Const, Am V; Const 1963, art 1, § 15; MCL
    767.76; MSA 28.1016).

. *Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins* and *Janice M. Joyce,* Assistants Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for Robert J. Peterson.

*Edwards & Edwards* (by *George C. Edwards, III,* and *William J. Richards),* for Brian M. Hurst.

Before: DANHOF, C.J., and J. H. GILLIS and BRONSON, JJ.

PER CURIAM. Defendants Brian Matthew Hurst and Robert James Peterson were convicted by a jury of first-degree murder in the perpetration or the attempted perpetration of a larceny, MCL 750.316; MSA 28.548. Both defendants were sentenced to the mandatory terms of life imprisonment, and appeal as of right.

Defendants Hurst and Peterson were charged along with Gary Young and Dennis Lindsey in the beating death of Alvin Rosser. Young and Lindsey pled guilty to second-degree murder, MCL 750.317; MSA 28.549, and are not parties to this appeal.

# I

The first issue we address is one raised by both defendants and concerns the trial court's instructions on first-degree (felony) murder and aiding and abetting. More particularly, defendants argue, in essence, that the trial court's instructions withdrew from the jury consideration of the essential element of malice regarding the killing of the victim.

We will begin our analysis by rejecting the defendants' contention that the rule of law announced in *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), is applicable to the instant case. In *Aaron,* the Court stated that its decision would apply to all trials in progress and those occurring after its November 24, 1980, release date. Defendants' trial occurred prior to November 24, 1980. Thus, *Aaron* is not applicable. *People v Bradley,* 106 Mich App 373; 308 NW2d 216 (1981), *People v Brady Smith,* 108 Mich App 338; 310 NW2d 235 (1981), *People v Heard,* 103 Mich App 571; 303 NW2d 240 (1981). See also *People v Lonchar,* 411 Mich 923 (1981) (LEVIN, J., *dissenting).*

Alternatively, both defendants argue that the jury instructions were erroneous under pre-*Aaron* case law.

Prior to the decision in *Aaron,* various panels of this Court were divided on the questions of whether the element of malice must be independently established or whether it could be inferred from the intent to commit the underlying felony and whether an accomplice of the underlying felony could be held liable for murder without an independent showing of malice. Compare, *People v*

*Fountain,* 71 Mich App 491; 248 NW2d 589 (1976), with *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977).

Our review of the jury instructions in the instant case leads us to conclude that malice instructions were given in this case and that no reversible error occurred under either line of pre-*Aaron* authority. In this regard we specifically note that defendants' reliance on *People v Langston,* 86 Mich App 656; 273 NW2d 99 (1978), is misplaced. Unlike *Langston,* the jury in the instant case was instructed that, in order to be convicted of murder, defendants must have acted with intent to kill or knowingly created a very high risk of death with knowledge that death would probably occur. The aiding and abetting instructions in the instant case referred only to the elements necessary to raise preestablished murder to first-degree murder.

## II

The remaining issues we address are raised solely by defendant Peterson.

The first issue raised by defendant implicates the Double Jeopardy Clauses. US Const, Am V; Const 1963, art 1, § 15. In order to evaluate defendant's contentions, it is necessary to briefly outline the pertinent facts.

The original complaint and warrant in this action charged first-degree murder in the perpetration or attempted perpetration of a larceny. A preliminary examination was held and defendant was bound over on the charge of first-degree murder committed during the perpetration or attempted perpetration of an extortion.

On January 22, 1980, the jury trial began. On January 25, 1980, the trial court granted the prosecution's motion to amend the information to charge first-degree murder committed during the perpetration or attempted perpetration of a larceny. Both defendants moved for mistrial. The motions for mistrial were granted.[1]

A second preliminary examination was held and defendants were bound over and tried on the amended information.

On appeal, for the first time, defendant Peterson argues that jeopardy attached at the time of the first trial and that the subsequent prosecution was barred. Defendant contends that he has not waived his jeopardy claim because his motion for mistrial was necessitated by the trial court's erroneous granting of the prosecution's motion to amend the information.

At the outset we note that since the record does not indicate that defendant intentionally abandoned the protection of the constitutional right pertaining to double jeopardy, he is not precluded from presenting his claim on appeal. *People v Cooper*, 398 Mich 450, 454-456; 247 NW2d 866 (1976). We also note that the mistrial was granted on defendant's motion. Thus, the Double Jeopardy Clause does not bar retrial unless defendant's motion for mistrial was induced by bad faith conduct of the prosecutor or judge. *People v Anderson*, 409 Mich 474, 485; 295 NW2d 482 (1980),

---

[1] Although excerpts of the proceedings of the first four days of trial have been transmitted to this Court, they do not contain the proceedings regarding the motion to amend and the motions for mistrial. However, the parties are in agreement as to the pertinent facts, which are also reflected in the docket entries and the orders granting the motions.

*People v Benton,* 402 Mich 47, 63; 260 NW2d 77 (1977). See also *United States v Dinitz,* 424 US 600, 611; 96 S Ct 1075; 47 L Ed 2d 267 (1976).

We find that the record before us does not evidence the type of bad faith conduct by the prosecutor or judge which would bar defendant's second trial. Rather, the facts of this case bring it within MCL 767.76; MSA 28.1016 which, in part, provides:

"The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. *If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury,* if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. *In case a jury shall be discharged from further consideration of a case under this section, the accused shall not be deemed to have been in jeopardy.*" (Emphasis added.)

As can be seen from the plain language of MCL 767.76, defendant had the right to move for a mistrial when the motion to amend was granted. However, as also provided by MCL 767.76, where the jury is discharged after an amendment has been granted, the "accused shall not be deemed to have been in jeopardy".

Additionally, we find that, even if *arguendo* the trial court erred in granting the motion to amend, retrial would not have been barred. The facts of

this case do not present a situation where the prosecutor or the judge acted in bad faith. This does not appear to be a case where the prosecutor or the trial judge purposefully waited until it appeared likely that the prosecution would not be successful and only then moved to amend and to charge defendant with an entirely new offense. Rather, the prosecutor originally charged defendant with the offense for which he was convicted and only moved to amend the information to conform with the original charge.

In his final issue, defendant contends that it was error to bind him over on the charge of felony murder during the perpetration or attempted perpetration of a larceny and, further, that the trial court erred in denying his motion for a directed verdict at the close of the prosecution's proofs. Our review of the record leads us to conclude that defendant's arguments are without merit. See *People v Doss,* 406 Mich 90, 100-101; 276 NW2d 9 (1979), *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).

Affirmed.