82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thaddeus Cheyenne CENTERS, Petitioner-Appellee,
v.
David TRIPPETT, Respondent-Appellant.
 No. 95-1469.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 Before: CONTIE, SUHRHEINRICH and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thaddeus Cheyenne Centers sought habeas corpus relief. The district court granted Centers' petition in part and denied his petition in part. We affirm.
 
 I.
 
 2
 On June 29, 1980, at approximately 1:45 a.m., Thaddeus Cheyenne Centers ("Centers") and Charles McIntosh attempted to rob a Sunshine Food Store in Burton, Michigan. During the attempted robbery, one of the men shot and killed the store clerk's friend, Rick Blackmer. Centers was later convicted of conspiracy to commit armed robbery, assault with intent to commit armed robbery, and first-degree felony murder.
 
 
 3
 Though the Michigan Court of Appeals subsequently ordered a new trial because hypnotically-refreshed testimony was improperly admitted as evidence during Centers' trial, the Michigan Supreme Court reversed the appellate court's decision. Having exhausted his available state court remedies, Centers petitioned the district court for habeas corpus relief.
 
 
 4
 On April 5, 1995, the district court conditionally granted Centers' petition in part and denied it in part:
 
 
 5
 IT IS HEREBY ORDERED that petitioner's application for habeas corpus shall be, and hereby is, DENIED, except as to petitioner's claim that he was denied [effective] assistance of appellate counsel and his claim that his simultaneous convictions for assault with intent to commit armed robbery and felony murder violate the prohibition against Double Jeopardy. IT IS HEREBY FURTHER ORDERED that petitioner's application for habeas corpus shall be, and hereby is, GRANTED ON THE CONDITION that the State of Michigan does not reinstate petitioner's appeal regarding the introduction of Kelly Faulkner's hypnotically-refreshed testimony, assign new counsel within 30 days of this decision, and hear petitioner's appeal within 120 days of this decision. IT IS HEREBY FURTHER ORDERED that petitioner's application for habeas corpus shall be, and hereby is, ALSO GRANTED ON THE CONDITION that the State of Michigan does not vacate by August 1, 1995, either petitioner's conviction for felony murder or petitioner's conviction for assault with intent to rob while armed.
 
 
 6
 District Court's Order Denying in Part and Conditionally Granting in Part Petitioner's Application for Writ of Habeas Corpus at 37 (emphasis in original).
 
 
 7
 On April 17, 1995, Centers filed his timely notice of appeal.[1] On April 20, 1995, the respondent filed his timely cross-appeal and a motion to stay performance of the writ pending appeal. On April 25, 1995, the district court granted the respondent's motion to stay performance of the writ pending appeal.
 
 II.
 Double Jeopardy
 
 8
 Centers was sentenced to life imprisonment for his first-degree felony murder conviction, and was sentenced to concurrent 35 to 50 year sentences for his conspiracy and assault convictions. The district court held that the state trial court violated Centers' constitutional right not to be placed into double jeopardy:
 
 
 9
 Michigan law holds that assault with intent to rob while armed is a necessarily lesser included offense of armed robbery. Proof of felony murder based on armed robbery therefore always includes proof of every element of assault with intent to rob while armed. Michigan law also holds that dual convictions for felony murder and assault with intent to rob while armed constitute double jeopardy....
 
 
 10
 Although the Court lacks the authority to order the Michigan courts to vacate either the conviction for felony murder or the conviction for assault with intent to rob while armed, it can issue petitioner a writ of habeas corpus conditional upon the State not vacating one of the above two convictions. The Court therefore will grant petitioner a writ of habeas corpus if Michigan does not vacate either the conviction for felony murder or the conviction for assault with intent to rob while armed....
 
 
 11
 District Court's Order Denying in Part and Conditionally Granting in Part Petitioner's Application for Writ of Habeas Corpus at 24-25 (citations and footnote omitted). Though we are troubled by aspects of the district court's reasoning, we agree with its ultimate conclusion that Centers was convicted and sentenced two times for the same underlying offense.
 
 
 12
 A state may not place a defendant twice in jeopardy for a single offense. Centers was tried, convicted and sentenced for felony murder, assault with intent to rob while armed, and conspiracy to commit armed robbery. Though it is impossible to determine from the record whether the assault or the conspiracy served as the underlying felony that "merged" into felony murder, one of these two crimes, as a matter of law, had to serve as the underlying felony. Accordingly, one of these predicate felony convictions must be vacated to conform with the requirements of the felony murder doctrine and the double jeopardy principles of the United States and Michigan Constitutions. See, e.g., People v. Harding, 443 Mich. 693, 714 (1993) ("[H]ad these defendants originally been prosecuted for felony murder, they could not have been sentenced both for felony murder and armed robbery, or for felony murder and the lesser included offense of assault with intent to murder. If they had been, the remedy would have been to affirm the conviction of the higher charge and to vacate the lower conviction."); People v. Stegall, 102 Mich.App. 147, 154 (1980) ("The defendant was convicted of both first-degree felony murder and conspiracy to commit armed robbery. Because the conspiracy constitutes a necessary element of the felony murder charge, the defendant's conspiracy conviction must necessarily be vacated."). Accordingly, one of Centers' two predicate convictions must be vacated.
 
 Effective Assistance of Counsel
 
 13
 The trial judge allowed Kelly Faulkner's hypotically-refreshed testimony which included her tentative identification of the petitioner at a lineup. Though the Michigan Supreme Court agreed to consider this issue, Centers' appointed counsel failed to submit a brief to the Court. In his petition seeking habeas corpus relief, Centers argues that his attorney's inaction violated his right to effective assistance of counsel. The district court agreed: "[P]etitioner's application for habeas corpus shall be, and hereby is, GRANTED ON THE CONDITION that the State of Michigan does not reinstate petitioner's appeal regarding the introduction of Kelly Faulkner's hypnotically-refreshed testimony, assign new counsel within 30 days of this decision, and hear petitioner's appeal within 120 days of this decision." District Court's Order Denying in Part and Conditionally Granting in Part Petitioner's Application for Writ of Habeas Corpus at 37.
 
 
 14
 Because the district court properly determined that Centers was entitled to effective assistance of appellate counsel at that stage of the proceedings, and because counsel's inaction cannot be deemed sound strategy, the district court properly granted the conditional writ of habeas corpus to resolve this issue.
 
 Fundamental Fairness and Due Process
 
 15
 Closely related to the ineffective assistance of appellate counsel issue, the district court found that Centers suffered a due process violation when the Michigan Supreme Court considered his appeal days before his attorney was required to file his brief. The district court nevertheless found the due process violation harmless because the ineffectiveness of Centers' appellate counsel "guaranteed that the Michigan Supreme Court would rule as it did." Id. at 21. In light of the conditional writ resulting from appellate counsel's ineffective assistance, we need not resolve this due process issue.
 
 We AFFIRM.[2]
 
 
 [1]
 Centers later dismissed his appeal
 
 
 [2]
 Though we affirm the district court, we note that one of Centers' predicate convictions, not necessarily his assault conviction, must be vacated